LEHAN, Judge.
We reverse the trial court’s dismissal of the information against defendant, Darryl Walls, for sale of cocaine in violation of section 893.13, Florida Statutes (1987). We agree with the state that the following deposition testimony of an undercover officer presented a jury question as to whether defendant was sufficiently implicated in a sale of cocaine to the officer even though defendant was not shown to have actually possessed the cocaine or to have verbally directed his codefendant to sell it to the officer:
A. [Detective] Told him what I needed. He [Talbert, the codefendant] looked over at Walls. Walls nodded to him like, yeah, go ahead, and Walls kind of motioned with his head towards the house, and Talbert went into the house; came back 20, 30 seconds later.
[[Image here]]
Q. [Defense Counsel] How do you know this motion had any significance — relevance?
A. You could tell by the actions of Tal-bert. Talbert — It’s not uncommon on the Southside of St. Petersburg for someone who owns the cocaine to have someone else do the dealing so they don’t have to touch it just in case they’re dealing with cops.
Talbert came to the vehicle. When he asked me what I wanted, when I responded and told him what I needed, he automatically turned his head, looked at Walls; Walls gave him a nod like, yeah, go ahead and do it, and Walls did a shift towards the house like this (indicating).
[[Image here]]
If you’re asking did he direct, verbally, Corbett Talbert to go into the house, no. He directed him by nodding his head— giving him a motion twice to, number one, go ahead and do the deal, and, number two, go ahead and go inside the house.
We conclude that the foregoing testimony presented a jury question as to whether defendant could be found guilty of the crime of sale of cocaine. It is of no moment whether or not he ever had actual or constructive possession of the cocaine. See St. Clair v. State, 575 So.2d 243 (Fla. 2d DCA 1991) (en banc).
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and HALL, J., concur.