PER CURIAM.
This is an appeal from the denial of appellant’s rule 3.850 amended motion. We affirm in part, reverse in part, and remand.
Appellant argued before the trial court and here that his trial attorney was ineffective for failing to contact alibi witnesses and call them ,to testify at trial. The witnesses testified at the rule 3.850 evidentiary hearing that they had not been contacted by anyone on appellant’s behalf prior to or during trial. The state presented testimony that the witnesses had been contacted in a timely fashion and could not be of assistance. After reviewing the record, we find that appellant failed to meet his burden with respect to this claim. See Downs v. State, 453 So.2d 1102 (Fla. 1984).
Appellant also argues that he is entitled to resentencing because he was convicted in the Fifteenth Judicial Circuit’s habitual felony offender division, which was not created in accordance with the Florida Rules of Judicial Administration. See Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995). Because appellant raised this issue for the first time in his motion for post-conviction relief, the issue has not been preserved. See Willie v. State, 600 So.2d 479 (Fla. 1st DCA 1992).
In his amendment to the rule 3.850 motion, appellant has raised a persuasive point; namely, the failure of his trial counsel to object to the illegal creation by administrative order of the serious habitual felony offender division in which appellant was sentenced. Because we have notice that other members of the public defender’s office were successfully attacking the creation of such division, the failure of appellant’s public defender to do so constituted ineffective assistance of counsel in light of Hartley, 650 So.2d at 1046-48,1050.[1]
On remand, appellant is to be resentenced in a properly constituted division.
GUNTHER, C.J., and GLICKSTEIN and DELL, JJ., concur.

. We are aware of Dennis v. State, 673 So.2d 881 (Fla. 1st DCA 1996), but are unable to say, with any certainty, that the two cases conflict for the same reason that our companion court could not evaluate our decision.