DAUKSCH, Judge.
This is an appeal from an order granting post-conviction relief in a murder trial. Ap-pellee alleged ineffective assistance of counsel and the trial judge granted a new trial. We reverse the decision and remand the ease for reinstatement of the judgment and sentence.
We agree with appellant’s argument that the decision by the trial attorney not to call certain purported alibi witnesses was a tactical decision. That decision was made by the lawyer after consideration of the conflicts in the stories of the witnesses and after the lawyer assessed the possible negative impact on the jury. Not calling those witnesses was not ineffective assistance of counsel and does not warrant a new trial. Torres-Arboleda v. Dugger, 636 So.2d 1321 (Fla.1994); Butler v. State, 684 So.2d 825 (Fla. 4th DCA 1996).
More important, however, is the fact that the court considered the petition which was clearly filed too late. Appellee filed a defective petition in May 1994 attacking his judgment. The trial court properly denied that petition because it did not follow procedural rules and did not adequately set out grounds for relief. Then the court allowed appellant an unspecified, unlimited time to raise again the issue of inadequate assistance of counsel in some “future proceeding.” We affirmed the denial of post-conviction relief, except for a sentencing error in Jacobs v. State, 651 So.2d 700 (Fla. 5th DCA 1995).
The petition here was both successive and untimely and the court erred in granting it.
The order is quashed and the cause remanded for reinstatement of the judgment and sentence.
ORDER QUASHED.
HARRIS and THOMPSON, JJ., concur.