696 So.2d 1184 (1997)
Maurice Antonio MANN, et al., Petitioners,
v.
CHIEF JUDGE OF THE THIRTEENTH JUDICIAL CIRCUIT, et al., Respondents.
No. 90498.
Supreme Court of Florida.
July 7, 1997.
Julianne M. Holt, Public Defender and Theda R. James, Assistant Public Defender, Thirteenth Judicial Circuit, Tampa; and Richard Escobar of Richard Escobar, P.A., Tampa, for Petitioners.
David A. Rowland, Court Counsel, Thirteenth Judicial Circuit, Tampa; and Angela D. McCravy, Assistant Attorney General, Tampa, for Respondents.
*1185 PER CURIAM.
We review orders denying attacks on the jurisdiction of the drug division of the criminal court created by Administrative Order of the Chief Judge of the Thirteenth Judicial Circuit dated January 15, 1997. Review of these orders was initiated in the Second District Court of Appeal, but that court certified them to be of great public importance and to require immediate resolution by this Court. We have jurisdiction under article V, section 3(b)(5) of the Florida Constitution.
The petitioners contend that the drug division could only be established by local rule approved by this Court in accordance with article V, section 20(c)(10) of the Florida Constitution. To the contrary, we conclude that the drug division was properly created by administrative order. Despite its characterization as a division, we find that the drug court is more properly viewed as a specialized section or subdivision of the criminal division of the circuit court. See Administrative Order, Fourth Judicial Circuit (Division of Courts), 378 So.2d 286, 286 (Fla.1979) ("[S]ection 20(c)(10) of article V only requires the establishment of subject matter divisions, i.e., criminal, civil, juvenile, probate, and traffic...."). To require every specialized section of the major subject-matter divisions of a court to be approved by local rule would place too great a burden upon the efficient administration of justice.
The petitions are denied.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.