711 So.2d 1157 (1998)
David HEATON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3837.
District Court of Appeal of Florida, Fourth District.
March 11, 1998.
Reconsideration Denied April 16, 1998.
*1158 David Heaton, Century, pro se.
No appearance required for appellee.
STEVENSON, Judge.
Appellant, David Heaton, was convicted by open guilty plea, in the career criminal division of the Broward County Circuit Court, of robbery with a deadly weapon and burglary of a structure. Heaton was sentenced as an habitual offender to 20 years imprisonment with a 15-year minimum mandatory term, and filed the present 3.850 motion alleging ineffective assistance of trial counsel for failure to object to the allegedly illegal creation of the career criminal division by administrative order rather than by local rule. The trial court summarily denied the motion on its merits. We affirm.
Appellant alleges that the career criminal division was illegally created, and that his trial counsel was ineffective for failing to object to the handling of his case in that division. Appellant cites to Butler v. State, 684 So.2d 825 (Fla. 4th DCA 1996), reh'g denied & denied en banc (1997), in which this court found that defense counsel's failure to object to the illegal creation of the Fifteenth Judicial Circuit's habitual felony offender division, in which the defendant was sentenced, constituted ineffective assistance of counsel where members of the public defender's office were successfully attacking the creation of such division. Butler was premised on this court's opinion in Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995), which found, inter alia, that the Fifteenth Judicial Circuit's habitual felony offender division should have been established by local law approved by the Florida Supreme Court in accordance with article V, section 20(c)(1) of the Florida Constitution, rather than by administrative order.
Subsequent to this court's decisions in Hartley and Butler, the supreme court decided Mann v. Chief Judge of the Thirteenth Judicial Circuit, 696 So.2d 1184 (Fla.1997). In Mann, the supreme court concluded that the drug division of the Thirteenth Judicial Circuit was properly created by administrative order rather than by local rule since that "division" was more appropriately viewed as a specialized section or subdivision of the criminal division of the circuit court, despite its characterization as a division. Id. at 1185 (quoting Administrative Order, Fourth Judicial Circuit (Division of Courts), 378 So.2d 286, 286 (Fla.1979), for the proposition that "section 20(c)(10) of article V only requires the establishment of subject matter divisions, i.e., criminal, civil, juvenile, probate, and traffic...."). The supreme court reasoned,
To require every specialized section of the major subject-matter divisions of a court to be approved by local rule would place too great a burden upon the efficient administration of justice.
Mann, 696 So.2d at 1185 (emphasis added).
Based on the supreme court's decision in Mann, the opinion in Hartley, to the extent that it held that an habitual offender unit must be created by local rule rather than by administrative order, can no longer be viable law. Simply put, the decision in Hartley has been tacitly, implied, unspokenlyor, as the law professors would say, sub silentiodisapproved by Mann. If a drug division should be considered a specialized section or subdivision of the criminal division of the circuit court, then we see no reason *1159 why an habitual offender division would not also be properly viewed as a specialized subdivision of the criminal division of the circuit court. Similarly, a career criminal division, like an habitual offender division, must also be deemed a specialized section or subdivision of the criminal division of the circuit court.[1]
Accordingly, had appellant's trial counsel objected to the assigning/transfer of appellant's case to the career criminal division, the trial court would have properly denied the motion, and that denial would have been upheld on appeal. Thus, appellant has failed to establish that, but for trial counsel's alleged error, there is a reasonable probability that the outcome of the case would have been different.
AFFIRMED.
WARNER and FARMER, JJ., concur.
NOTES
[1] We note that the Florida Supreme Court has denied the Broward County Public Defender's application to the Supreme Court Local Rules Advisory Committee attacking the allegedly illegal creation of the career criminal division. See Rules Committee Decision, case no. 88,834 (unpublished). Also, the Florida Supreme Court denied a prohibition/mandamus/certiorari petition attacking the creation of the career criminal unit as being illegally created by administrative order rather than local rule. See Knight v. State, 698 So.2d 839 (Fla.1997).