PER CURIAM.
Appellant William Robertson was tried by jury and convicted of carrying a concealed firearm and possession of marijuana. He challenges the pre-trial order denying his motion to suppress the firearm and marijuana seized during a “buy-bust” operation. We find that the trial court properly denied appellant’s motion to suppress upon its finding that appellant was not merely a bystander but an active participant in the sale of drugs to an undercover officer. Appellant’s conduct in questioning the identity of the undercover officer prior to the sale to ascertain whether he was a policeman and then directing his companion to “go ahead” and sell the marijuana to the officer furnished a founded suspicion for the stop that led to his arrest for the charged offenses. See State v. Walls, 585 So.2d 1187 (Fla. 2d DCA 1991); Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
We further find that appellant was properly tried in “Division FS”, a criminal court section presided over by senior judges, which he argues was improperly created by administrative order of the Chief Judge of the Seventeenth Judicial Circuit rather than by local rule approved by the Supreme Court. See Heaton v. State, 711 So.2d 1157 (Fla. 4th DCA 1998); Mann v. Chief Judge of the Thirteenth Judicial Circuit, 696 So.2d 1184 (Fla.1997).
AFFIRMED.
POLEN, STEVENSON and TAYLOR, JJ., concur.