772 So.2d 554 (2000)
Darryl D. BLACKISTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2897.
District Court of Appeal of Florida, Fifth District.
September 29, 2000.
Rehearing Denied December 8, 2000.
James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Darryl D. Blackiston pled no contest to the offense of purchasing cannabis, in violation of Section 893.13(3)(a)(2), Florida Statutes (1999). Blackiston appeals the portion of his sentence ordering him to report to the "Clerk of Courts Collections Division" thirty days after his release from jail, pursuant to Administrative Order No. 07-99-26. The administrative order created a "collections court program" in the Ninth Circuit pursuant to Section 938.30, Florida Statutes (Supp.1998). We reverse.
The purpose of the statute is set out at chapter 98-247, Section 2 Laws of Florida:
Florida's judiciary routinely enters judgments and court orders in criminal cases setting forth court costs, fines, and fees against litigants, pursuant to statutory law. The enforcement of such orders is crucial to insure respect for the rule of law and credibility of the court. Uncollected fines, fees, and court costs are more than lost revenue; they represent a court order ignored, an unobeyed sentence, and the punished going unpunished. To insure that non-compliers fulfill their financial obligations under all sentences and court orders imposed, this act is designed to satisfy the need for enforcement of such sentences and court orders through aggressive followup in a manner most appropriate for courts and their respective communities, set reasonable parameters for compliance, collect offenders' financial obligations to the state, and increase respect for the law.
To effectuate that purpose, the legislature gave the trial courts of this state the authority to utilize, at their discretion, a program by which fines, costs, and other criminal penalties are collected by civil *555 supplementary proceedings. § 938.30, Fla. Stat. (Supp.1998). Lastly, the law states: "The court may enter any orders necessary to carry out the purposes of this section." § 938.30(14), Fla. Stat. (Supp. 1998).
Administrative Order No. 07-99-26 seeks to carry out the purpose of section 938.30, but in doing so, the administrative order improperly limits the discretionary authority vested in the trial judges to utilize the program when they deem it appropriate. See Valdez v. Chief Judge of the Eleventh Judicial Circuit, 640 So.2d 1164 (Fla. 3d DCA 1994). Instead of recognizing the discretionary authority of the trial judges, the administrative order mandates that each trial judge of the ninth circuit order into the program the defendants to whom the law and administrative order applies. Section 938.30 contemplates that the trial judge may order the defendant into the program, and then subject the defendant to the various dictates of the statute, as the trial judge sees fit.[1] For this reason, the administrative order is beyond the authority of the chief judge. See id.
REVERSED and REMANDED for resentencing in accordance with this opinion.
COBB and W. SHARP, JJ., concur.
NOTES
[1] For example, § 938.30(2), Florida Statutes (Supp.1998) states that:

The court may require a person ordered to pay an obligation to appear and be examined under oath concerning the person's financial ability to pay the obligation.
* * * * *
Any person failing to attend a hearing may be arrested on warrant or capias which may be issued by the clerk upon order of the court.
[e.s.] The administrative order removes that discretionary authority:
When fines are imposed at sentencing or reimposed pursuant to a modification or termination of probation, the judge shall also order each defendant who does not pay the fines and court costs in full at sentencing to comply with the terms of the Program.
* * * * *
If a defendant is not current with the required payments and does not appear at the scheduled hearing, the judge shall order a Writ of Bodily Attachment for the defendant's arrest and delivery to the Orange County Jail.
[e.s.] Throughout the administrative order, the trial court's discretionary authority to determine whether to subject a defendant to the dictates of the program is removed and instead the chief judge, by virtue of the language of the administrative order, makes the decision for the trial judge.