796 So.2d 563 (2001)
Tiawago D. PETTAWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1986.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
Rehearing Denied October 8, 2001.
James B. Gibson, Public Defender, and Daniel J. Schafer, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Pettaway appeals from his judgment and sentence for battery on a law enforcement officer. On July 6, 2000, he was sentenced to thirty-six months incarceration for the battery,[1] and was ordered to pay $278.00 in court costs, $150.00 for the courthouse, $600 for a public defender's lien and $40 for D.E.R.P. The court required Pettaway to pay these costs through the Osceola County Collections Court Program and ordered Pettaway to report there within thirty days of his release. He argues the court erred in ordering him to report to the collections court.
On February 5, 2001, the court modified the order to require Pettaway to pay $30.00 per month beginning sixty days after his release from prison and exercised its discretion to refer Pettaway to the collections court. We affirm.
Pettaway argues that Blackiston v. State, 772 So.2d 554 (Fla. 5th DCA 2000), is dispositive. In that case, this court held the prior administrative order, which created the collections court program in the Ninth Judicial Circuit,[2] improperly limited the discretion of trial judges to use the program when they deemed it appropriate. However, on October 18, 2000, the Chief Judge of the Ninth Judicial Circuit amended the administrative order[3] to allow trial judges to exercise their discretion at the time of sentencing to use the collections program. It is clear that on resentencing, after the date of the change to the administrative order, the trial judge in this case *564 exercised that discretion. Thus, Blackiston is not on point.
Pettaway argues in addition that section 938.30 does not authorize the establishment of a new court or division entitled "Collections Courts;" and that the creation of a division of an existing court would have to be done by local rule approved by the Florida Supreme Court. We find no merit to these arguments.
AFFIRMED.
THOMPSON, CJ., and HARRIS, J., concur.
NOTES
[1] §§ 784.03; 784.07(2)(b), Fla. Stat.
[2] The Ninth Circuit includes Orange and Osceola Counties.
[3] Amended Administrative Order XX-XX-XX-X now provides:

1. When fines and costs are imposed at sentencing or reimposed pursuant to a modification or termination of probation, the judge may also order each defendant who does not pay the fines and court costs in full at the time of sentencing to comply with the terms of the Program. The sentencing judge may determine a monthly payment amount and a date on which the defendant shall begin making payments. (emphasis added)