SHARP, W., J.
Castrillon appeals his sentence after he was convicted of attempted second degree murder[1] and burglary of a dwelling with assault or battery with a weapon.[2] He argues that an amended administrative order of the circuit court violates his due process rights with respect to notice, and that the circuit court has no authority to create a Collections Program. We affirm the sentence.
Castrillon was sentenced to two concurrent ten year prison terms, followed by five years probation. His sentence orders him to report to the Clerk of Courts Collections Division for a status hearing within thirty days of his release from prison; to comply with all conditions of the Collections court; to submit blood specimens for DNA analysis; and to have no contact with the victim. Financial obligations were also imposed: he was ordered to pay restitution (to be determined), $278 in costs, $1,244 in prosecution costs, and counsel fees of $1,000. Further, he was ordered to:
[Rjeport to the Clerk of Courts Collections Division at 425 N. Orange Ave., Room 460 to be scheduled for a status hearing within thirty days of release.
The Amended Administrative Order (Amended Order), which created the Collection Program was adopted pursuant to section 938.30, entitled “Court-imposed financial obligations, supplementary proceedings.” It sets forth methods to recover, by way of supplementary proceedings, financial obligations imposed by courts in criminal cases at sentencing. It applies to “any person who has been ordered to pay any financial obligation in any criminal case.” As it applied to Castrillon, it places him in a Collections Program (the Program) because the fines and costs imposed at sentencing could not be paid in full at that time, or within 120 days. This order was amended after an earlier order was found improper because it denied trial *362 judges the discretionary authority provided to them in section 938.30. See Blackiston v. State, 772 So.2d 554 (Fla. 5th DCA 2000). The amended order has addressed and cured the Blackiston problem.
Section 938.30(2) contemplates that a defendant will be examined by the court at the time he or she is called upon to pay costs and fees. Section 938.30(3) requires that notice be given prior to a defendant being brought into court for a hearing and provides:
The order requiring the person’s appearance shall be served a reasonable time before the date of the examination in the manner provided for service of summons, as provided for service of papers under rules of civil procedure, or by actual notice. (Emphasis added)
“Reasonable time” has not been specifically defined for due process purposes. However, it requires at a minimum that adjudications which affect an individual's life, liberty or property be preceded by notice which: 1) is reasonably calculated to advise the person of the pendency and the nature of the proceedings, and 2) gives the person a meaningful hearing appropriate to the nature of the case. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Jones v. State, 740 So.2d 520, 523 (Fla.1999), citing, Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).
Section II of the Amended Order provides for the form of the notice. It is entitled “Notice of Fines and Costs, Required Status Hearings and Order Requiring Defendant’s Personal Appearance at Collections Court” (the Notice). It is prepared and served at sentencing, signed by the defendant and the judge, and the original is placed in the court file, while the defendant receives a copy. The Amended Order requires that the Notice contain certain advisory information.[3] However, the Notice is not required to advise a defendant about status hearings held after release from prison. These hearings are required under the Program for those defendants who are not in compliance with payment obligations imposed on them by their sentence.
We agree with Castellón that there will be a substantial time lag between imposition of the fines, costs and placement in the Program at sentencing, and his release *363 from prison. However, pursuant to his sentence, Castrillon has been ordered to report to the Clerk of the Courts Collection Division, at a given address, within thirty days of his release from prison, “to be scheduled for a status hearing.” Presumably at that time he will be advised whether he is required to attend status hearings, and if so, the date, time and location of those hearings.[4] If not, a due process problem may then arise. However on its face, we find that the Amended Order complies with the notice provisions, and that there is no due process violation.
Castrillon also claims that the circuit court does not have the authority to create the Collections Program because it does not meet the legal requirements for establishing a division or subdivision of a court. We find that the Amended Order is an administrative order, not a local rule, and that therefore, the Amended Order is proper.[5]
Florida Rules of Judicial Administration give chief judges of circuit courts the authority to execute administrative orders and to administer court affairs. Rule 2.020(c) defines an administrative order as a “directive necessary to administer properly the court’s affairs but not inconsistent with the constitution or with court rules and administrative orders entered by the supreme court.” The Amended Order does not meet the definition of a local rule, as set out in Rule 2.020(b). See also State Dept. of Juvenile Justice v. Soud, 685 So.2d 1376 (Fla. 1st DCA 1997); Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992); State v. Upchurch, 394 So.2d 577 (Fla. 5th DCA 1981).
An administrative rule which is necessary to properly administer court affairs is valid, even if it creates a “subdivision” of a court. See Mann v. Chief Judge of the Thirteenth Judicial Circuit, 696 So.2d 1184 (Fla.1997); City of Coral Gables; Robertson, 719 So.2d 371 (Fla. 4th DCA 1998)(administrative order creating division valid); Heaton v. State, 711 So.2d 1157 (Fla. 4th DCA 1998)(habitual offender division is specialized subdivision and may be created by administrative order).
In this case, what has been created is a program into which a judge may place a defendant when he or she is unable to meet the financial obligations imposed by a sentence. This is an appropriate subject for an administrative order. The Program does not affect the jurisdiction of the court, it does not contravene any rules promulgated by the supreme court, and does not constitute a local rule.
AFFIRMED.
THOMPSON, C.J., and PLEUS, J., concur.

. §§ 782.04(2), 777.04, Fla. Stat. (2000).

. § 810.01 (2)(A), Fla. Stat. (2000).

.Section II of the Amended Order requires the Notice to contain:
1. The total amount due.
2. The amount of monthly payments.
3. Where payments are to be made.
4. The date payment is to be made each month until paid in full. This date shall be from the 1st of the month until the 15 th of the month.
5. That the defendant shall be assessed an administrative fee payable to the Clerk of the Court in the amount of $5.00 per month for inclusion in the Program.
6. That each time the defendant fails to make a scheduled payment on the date specified, an additional administrative fee of $10.00 payable to the Clerk of Court shall be assessed against the defendant for the costs incurred under the Program. This administrative fee when collected shall be disbursed by the Clerk of Court as follows: $5.00 to the Clerk of Court and $5.00 to the Board of County Commissioners for Orange Count on behalf of Court Administration.
7.That each time a defendant fails to appear for a required Collection Court status hearing and a Writ of Bodily Attachment is issued, an additional administrative fee of $20.00 shall be assessed against the defendant for the costs incurred under the Program. This administrative fee when collected shall be disbursed by the Clerk of the Court as follows: $5.00 to the Clerk of Court; $15.00 to the Board of County Commissioners for Orange County with $5.00 on behalf of Court Administration and $10.00 on behalf of the Orange County Sheriff's Office.

. Required in by Sections III and IV of the Amended Order.

. Circuit court judges have no authority to divide the court into divisions in a manner which would affect the jurisdiction of the court, or to assign matters or cases in such a way that the court’s jurisdiction would be affected. City of Coral Gables v. Blount, 131 Fla. 36, 178 So. 554 (1938). Circuit courts are also prohibited form adopting rules which contravene those promulgated by the supreme court. Berkheimer v. Berkheimer, 466 So.2d 1219 (Fla. 4th DCA 1985). But in this case, the supreme court has not promulgated similar rules.