ORFINGER, Judge.
The Department of Health and Rehabilitative Services (HRS) seeks review by petition for writ of certiorari, of an administrative order issued by the Chief Judge of the Eighteenth Judicial Circuit. We deny the petition.
The order in question directs the Clerk of the Circuit Court to docket and forward to HRS motions filed under the Uniform Reciprocal Enforcement of Support Act (URE-SA) which request child support and alimony, received by the Eighteenth Judicial Circuit from initiating courts, and directs HRS *424 to prosecute those cases diligently. This administrative order seeks to implement the recent legislative amendment which substitutes HRS in the place of the State Attorney’s Office as the state officials designated to represent petitioners in URESA proceedings. See §§ 88.121 and 88.345, Fla.Stat. (1986 Supp.).[1] The administrative order recites that the circuit court had discovered that HRS was returning unprocessed two types of URESA motions: 1) requests for establishment or enforcement of child support obligations that do not fall within Title IV-D of the Social Security Act[2] and 2) requests for alimony unaccompanied by a request for enforcement of a concurrent Title IV-D child support obligation.
HRS argues that the administrative order is an attempt by the circuit court to legislate in the area of family law. HRS asserts that the legislature intended that the agency only represent URESA petitioners who participate in the child support enforcement program operated pursuant to Title IV-D of the Social Security Act, 42 U.S.C. § 651 and Chapter 409, Florida Statutes, either by receiving public assistance or by applying to HRS for support enforcement services as permitted under section 409.2567, Florida Statutes (1986 Supp.). HRS also claims that if a URESA motion by a Title IV-D participant involves a request for the enforcement of an alimony obligation, it cannot represent the petitioner unless the request is in conjunction with a child support order. The agency has taken the position that unless the claim is pursuant to Title IV-D, the claimant must pursue the claim through a private attorney.
This court has held that certiorari is the proper remedy if an administrative order exceeds the jurisdiction of the circuit court which issued it. See State ex rel. Dept. of H.R.S. v. Upchurch, 394 So.2d 577 (Fla. 5th DCA 1981). In determining that the Chief Judge did not depart from the essential requirements of law in promulgating the order, we can do no better than to quote from the order itself in which Judge Johnson states the reasons for his disagreement with the position taken by HRS, and with which reasoning we concur:
“The Uniform Reciprocal Enforcement of Support Act was intended to provide a simplified two-state procedure by which the obligor’s duty to support an obligee residing in another state may be enforced expeditiously and with a minimum of expense to the obligee.” Thompson v. Thompson, 93 So.2d 90 (Fla.1957)
HRS is, and has been, the state agency responsible for the administration of the IV-D child support enforcement program pursuant to Sec. 409.2557, Fla.Stat. Its duties under that hat are clearly spelled out in Chapter 409. But, its duties under Chapter 88 are not the same and are not limited by Chapter 409. Instead, the additional remedies directed to the resources (emphasis supplied) of responsible parents provided by chapter 409 are available in URESA cases (Sec. 88.012, Fla.Stat). Prior to HRS assuming its Chapter 88 duties this year, the State Attorney was obligated to prosecute all properly documented URESA cases received by Florida as responding state. Sec. 88.181 supra made no change in that obligation except to substitute HRS for the State Attorney.
Newly amended Sections 88.121 (where Florida is the initiating state) and 88.345 (where Florida is the rendering or reg *425 istering state) state, “In Non IV-D cases the petitioner may be represented by private counsel.” HRS takes the position that this sentence requires such petitioners to either represent themselves or be represented by a private attorney (which is a luxury few out of state petitioners needing child support or spousal support can afford). Proper statutory construction requires that words in statutes be given their plain and obvious meaning. The word “may” denotes a permissive term and not the mandatory connotation of the word “shall”, Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla. 1st DCA 1963); Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973). Sections 88.121 and 88.345 do not expressly, or by implication, relieve HRS of its duty to represent petitioners where Florida is the responding state, in cases where the petitioner has not retained private counsel. As stated in Jackson v. Hall, 97 So.2d 1 (Fla.1957): “By approving the petition, the court of the initiating state enables the petitioner to submit herself to the jurisdiction of the responding state without the necessity of personal appearance or employment of counsel.” The recent amendments to Secs. 88.121 and 88.-345 do not change this long standing principal, [sic]
In attached Exhibit “B” HRS quotes a portion of Sec. ⅛09.2567 setting forth its obligation under that Chapter: “Services shall be provided upon acceptance of public assistance or upon proper application filed with the department.” HRS then seeks to superimpose that provision onto Chapter 88, concluding “In other words, the Department only provides services in those cases where the petitioner is either on public assistance or upon filing a proper application with the Department.” “In order to file a proper application with the Department the petitioner must fall under Title IV-D State Plan requirements and operation standards.” (See Exhibit “B” attached) The problem with this, where Florida is the responding state, is manifest. First, a petitioner from another state filing a URESA support request which is sent to Florida as a responding state, is not an “applicant” for HRS services any more than a petitioner filing in Florida is an “applicant” to one of the potentially large number of agencies which may have the statutory duty to prosecute URESA cases in other states as responding states. Secondly, there is simply nothing in Chapter 88 that would imply that the statement in Sec. 409.2567 that “Services shall be provided upon acceptance of public assistance or upon proper application being filed with the Department”, is in any way applicable to URE-SA cases. If the legislature intended that result it could have said so.
... HRS further takes the position that it will not handle petitions for enforcement of alimony obligations for spousal support unless a concurrent child support obligation is being enforced under Title IV-D. This leaves many out of state petitioners needing enforcement of spousal support obligations without a practical way to enforce such obligations, even though the Florida Supreme Court in Quigley v. Quigley, 463 So.2d 224, (Fla.1985) held such obligations enforceable under Chapter 88. The bottom line for the HRS refusal is succintly set forth [in the exhibit attached to the order]. “Therefore, HRS would not be funded by the federal government.” That is a sad commentary by an official department of a state to which forty-nine (49) other states look to for good faith performance under this uniform act.
It is clear to this Court that HRS will not voluntarily prosecute Non IV-D URESA cases (whether child support or for spousal support) in spite of the requirement of Chapter 88. This chief judge cannot stand idly by and see cases which are properly filed in this circuit not only not being promptly disposed of, but whose prosecution is willfully refused. The petition for certiorari is DENIED.
DAUKSCH and SHARP, JJ., concur.

. Section- 88.121, Florida Statutes (1986 Supp.) provides:
Officials to represent petitioner. — If this state is acting as an initiating state, the department shall represent the petitioner in any proceeding under this act. In non-IV-D cases, the petitioner may be represented by private counsel.
Section 88.345, Florida Statutes (1986 Supp.) provides:
Official to represent petitioner. — If this state is acting either as a rendering or a registering state, the department shall represent the petitioner in proceedings under this part. In non-IV-D cases, the petitioner may be represented by private counsel.

. Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq., involves the administration and procedures for the enforcement of child support where participation in public assistance programs such as Aid to Families with Dependent Children (AFDC) is involved.