Certification of Orders Requiring Immediate Resolution by the Supreme Court

PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.125, and on its own motion, this court certifies that the consolidated petitions for writ of certiorari referenced above require immediate resolution by the supreme court because the issues pending in the district court have a great effect on the proper administration of justice throughout the state. Resolution of the issues presented will affect the validity of the judgments rendered in hundreds of cases and will clarify the authority of a chief judge to devise plans for specialized case management of subgroups of cases within an existing subject matter division of a circuit (i.e., drug cases in the felony division).
On January 15, 1997, the Chief Judge of the Thirteenth Judicial Circuit filed Administrative Order No. S-04-29-97-003, creating the Drug Division, consisting of criminal divisions “X” and “Y,” which is described as “a specialized section of the Criminal Justice Division to handle drug cases.” Petitioners filed motions with the trial court asserting that the chief judge acted in excess of his jurisdiction by creating a subject matter division by administrative order which can only be created by local rule.
This matter requires immediate resolution because the clerk of this court has already received over one hundred notices of appeal from judgments rendered in the drug division and it appears that the public defender is filing a notice of appeal on virtually every judgment issued by the drug division. Furthermore, it appears that jurisdiction to address the issue raised by these petitions may rest exclusively in the supreme court. “[TJhere is nothing in our Constitution to indicate that district courts are to share in the administrative supervision of our trial courts, and we decline to read our Constitution to sanction the disruption to the judicial system inherent in such shared authority.” Wild v. Dozier, 672 So.2d 16, 18 (Fla.1996); see Holsman v. Cohen, 667 So.2d 769, 770-71 (Fla.1996) (supreme court has exclusive au *118 thority to review judicial assignments); see also Fla. R. Jud. Admin. 2.050(e)(2).
This court further certifies that if it is determined that the division was improperly formed, the effect of that determination on all judgments and orders rendered in the division should also be resolved.
Although the creation of a special division for drug cases is not precisely analogous to the creation of family law divisions, which was directed by legislation, it is important that the issues raised in these petitions be “addressed in an expeditious, efficient, and deliberative manner” and that they do not become “bogged down in an administrative morass.” In re Report of the Comm. on Family Courts, 646 So.2d 178, 182 (Fla.1994). For the reasons set forth herein, we respectfully request that this court accept jurisdiction pursuant to rule 9.125(g).
BLUE, A.C.J., and LAZZARA and FULMER, JJ., concur.