734 So.2d 413 (1999)
1-888-TRAFFIC SCHOOLS, Petitioner,
v.
CHIEF CIRCUIT JUDGE, FOURTH JUDICIAL CIRCUIT, Respondent.
No. 94,314.
Supreme Court of Florida.
May 27, 1999.
*414 William H. Beaver, II, General Counsel, 1-888-Traffic School, Inc., Jacksonville, Florida, and Curtis S. Fallgatter of Fallgatter & Kelly, P.A., Jacksonville, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Douglas B. Mac Innes, Assistant Attorney General, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have before us a petition for writ of certiorari seeking review of an administrative order issued by the Chief Judge of the Fourth Judicial Circuit. The petition was transferred to this Court by the First District Court of Appeal. For the reasons expressed below, we return the petition to the district court for consideration on the merits.
The majority of the facts underlying this controversy are not relevant to our determination that this petition should be returned to the district court. Suffice it to say that the petitioner, 1-888-Traffic Schools, Inc., filed a petition for writ of certiorari in the First District Court of Appeal seeking review of Administrative Order 97-22, issued by the Honorable Donald R. Moran, Jr., Chief Judge of the Fourth Judicial Circuit.[1] The administrative order directs the Duval County Clerk of Court to have prepared an informational sheet for dissemination to those requesting information about driver improvement courses within Duval County, listing all *415 qualified course providers as that term is defined in the Florida Administrative Code. The core of the petitioner's challenge is that the administrative order exceeds Chief Judge Moran's authority concerning driver improvement courses and thereby usurps the statutory authority of the Florida Department of Highway Safety and Motor Vehicles (DHSMV) to oversee such courses. See § 318.1451, Fla. Stat. (1997).
In an opinion dated September 29, 1998, the district court denied the instant petition after concluding that it did not have jurisdiction, under this Court's decision in Wild v. Dozier, 672 So.2d 16 (Fla.1996), to review the administrative order. Then, on November 4, 1998, in response to the petitioner's motion to transfer, the district court withdrew its earlier opinion, substituted an opinion that reiterated its position that it lacked jurisdiction to review the order, and transferred the petition to this Court.
The district court concluded that it lacked jurisdiction to review this administrative order based on the recent decision in Wild, in which this Court held that it "has exclusive jurisdiction to review judicial assignments." 672 So.2d at 17 (emphasis added). For the reasons expressed below, we find the district court's reading of Wild to be overly broad and take this opportunity to make clear that the holding in Wild is limited to administrative orders making judicial assignments.
In Wild, this Court specifically referred to "judicial assignments," id., and "the administrative order assigning Judge Wild to circuit court duty." Id. at 18. The Court used these narrow terms rather than referring to "administrative orders" in general in order to avoid application of that decision to challenges to administrative orders such as the one at issue here. This was in recognition of the fact that challenges to administrative orders (other than those filed by a member of The Florida Bar or a judge seeking a determination by the Court's Local Rules Advisory Committee filed pursuant to Florida Rule of Judicial Administration 2.050(e)(2)) routinely have been made by petition for writ of common law certiorari in the district courts of appeal. See, e.g., Hewlett v. State, 661 So.2d 112 (Fla. 4th DCA 1995) (granting certiorari petition challenging administrative order as conflicting with statute and being beyond chief judge's authority); Valdez v. Chief Judge of the Eleventh Judicial Circuit, 640 So.2d 1164 (Fla. 3d DCA 1994) (granting certiorari petition challenging administrative order as exceeding chief judge's authority), review denied, 652 So.2d 816 (Fla.1995); Department of Health & Rehab. Servs. v. Johnson, 504 So.2d 423 (Fla. 5th DCA 1987) (denying certiorari petition challenging administrative order as an attempt to legislate). Although the First District Court in this case and the Second District Court, in Mann v. Chief Judge of the Thirteenth Judicial Circuit, 693 So.2d 117 (Fla. 2d DCA),[2]on certification, 696 So.2d 1184 (Fla.1997), have read the Wild decision as abolishing this long-standing mechanism for challenging routine administrative orders,[3] such was not this Court's *416 intent. In fact, in Mann v. Chief Judge of the Thirteenth Judicial Circuit, 696 So.2d 1184 (Fla.1997), this Court declined the opportunity to extend its holding in Wild.
In Mann, the Second District Court of Appeal certified consolidated petitions for writ of certiorari challenging an administrative order creating a drug division of the criminal division in the Thirteenth Judicial Circuit, as being of great public importance requiring immediate resolution by this Court under article V, section 3(b)(5) of the Florida Constitution. In certifying the petitions, the district court indicated that it believed that jurisdiction to review the administrative order "may rest exclusively in the supreme court." 693 So.2d at 117. Despite the clear opportunity to do so, this Court did not address the jurisdictional issue; it merely reviewed the administrative order at issue under its article V, section 3(b)(5) authority.
As noted above, Wild dealt exclusively with "judicial assignments." The judicial assignment in that case was challenged as an improper temporary assignment under Florida Rule of Judicial Administration 2.050(b)(4). In addressing the jurisdictional issue, this Court explained that the authority of chief judges to make temporary judicial assignments under that rule is a delegation of the Chief Justice's constitutional power to make temporary assignments under article V, section 2(b) of the Florida Constitution. 672 So.2d at 17-18. The Court further explained:
Because of the vital role temporary judicial assignments play in the administration of our court system, this Court must have exclusive jurisdiction to review such assignments under its article V, section 2(a) authority to oversee the administrative supervision of all courts. This grant of exclusive authority ensures this Court's plenary control over the state's court system and avoids the disruptive effect allowing district courts to quash judicial assignments would have on that system. Moreover, there is nothing in our Constitution to indicate that district courts are to share in the administrative supervision of our trial courts, and we decline to read our Constitution to sanction the disruption to the judicial system inherent in such shared authority.
Id. at 18. (emphasis added). The Court went on to hold that a litigant who is affected by a judicial assignment "must challenge the assignment in the trial court and then seek review in this Court by way of petition for writ of prohibition or petition for relief under the `all writs' power." Id.
Unlike the challenge in Wild, which concerned the proper exercise of the administrative authority to make temporary judicial assignments granted to the Chief Justice under the Constitution and delegated by rule to the chief judges, the primary challenge here is that Chief Judge Moran exceeded his jurisdiction by issuing an administrative order that effectively usurped the DHSMV's authority over driver improvement training schools. Under article V, section 2(d) of the Florida Constitution and Florida Rule of Judicial Administration 2.050(b)(2), as the chief judge of the circuit, Judge Moran has direct responsibility for the administrative supervision of all the courts in his circuit as well as for the officers of those courts, including the clerk of court. Therefore, unlike the judicial act at issue in Wild, the judicial act challenged here is not the result of a delegation of the Chief Justice's constitutional authority. Additionally, unlike a challenge to a judicial assignment, this type of challenge does not go to the heart of the administration of the court system. While the directive to the clerk of court at issue here arguably may have been "necessary to administer properly the court's affairs," Fla. R. Jud. Admin. 2.020(c), it does not play the same type of "vital role temporary judicial assignments play in the administration of our court system." Wild, 672 So.2d at 18. Therefore, there is no similar justification for holding that this *417 Court has exclusive jurisdiction to review this routine administrative order.
Moreover, the challenge in Wild originally had been raised in a petition for writ of prohibition to the district court and was before this Court on a certified question.[4] The challenge at issue here, on the other hand, is raised in a petition for writ of certiorari which the district court simply transferred to us because it mistakenly believed that this Court had exclusive jurisdiction to review the order. While this Court has concurrent jurisdiction with the district courts of appeal to entertain petitions for writs of prohibition directed to trial courts, such as the one challenging the judicial assignment in Wild, as well as jurisdiction to issue "all writs necessary to the complete exercise of its jurisdiction," this Court does not have jurisdiction to consider petitions for common law certiorari, such as the one filed here. See Art. V, §§ 3(b)(7), 4(b)(3), Fla. Const. Thus, the only basis for jurisdiction in this case would be this Court's "all writs" power, which we decline to exercise because we do not believe that such is necessary to the complete exercise of this Court's article V, section 2(a), jurisdiction to oversee the administrative supervision of all courts.
Accordingly, we expressly limit the holding in Wild to judicial assignments and return the petition to the First District Court of Appeal for consideration on the merits.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Administrative Order 97-22 provides in pertinent part:

1. That the Duval County Clerk of Court shall prepare or cause to be prepared an informational sheet for dissemination to those requesting information about driver improvement programs within Duval County. This information sheet [shall] list all qualified course provider[s], as that term is defined by Section 15A-18.002(3), Florida Administrative Code, in the order of their approval by the Florida Department of Highway Safety and Motor Vehicles. The information reflected on the information sheet for each provider shall, at the very least, contain the following:
a. Legal Name and Current Business Address of Provider
b. Current Telephone Number of Provider
2. At the end of the information sheet, the Clerk shall include language in substantially the following form:
THIS LIST MAY NOT INCLUDE EVERY PROVIDER, PLEASE CONSULT YOUR TELEPHONE DIRECTORY FOR OTHER LISTINGS
[2] See also Ortiz v. State, 689 So.2d 353 (Fla. 2d DCA 1997) (district court lacked authority to review denial of motion for case reassignment); Green v. State, 694 So.2d 876 (Fla. 2d DCA 1997) (district court lacked jurisdiction to review case assignments within the circuit court).
[3] But see Morse v. Moxley, 691 So.2d 504 (Fla. 5th DCA 1997) (considering challenge to administrative order in which chief judge sought to control assignment of trial clerks as in excess of chief judge's authority, after Wild); State Dep't of Juvenile Justice v. Soud, 685 So.2d 1376 (Fla. 1st DCA 1997) (entertaining petition for writ of certiorari challenging administrative order, after Wild decision); see also Heaton v. State, 711 So.2d 1157 (Fla. 4th DCA 1998) (entertaining challenge to creation of career criminal division by administrative order in appeal of denial of rule 3.850 motion raising issue, after Wild); Dennis v. State, 673 So.2d 881 (Fla. 1st DCA) (reviewing administrative order creating career criminal court on direct appeal, after Wild), review denied, 680 So.2d 422 (Fla.1996).
[4] The question certified was:

MAY A COUNTY COURT JUDGE BE ASSIGNED SUCCESSIVELY AND REPEATEDLY IN SIX MONTH ASSIGNMENTS OVER SEVERAL YEARS TO PRESIDE IN THE CIRCUIT COURT OVER HALF OF ALL FELONY CASES IN A COUNTY?
672 So.2d at 17.