798 So.2d 765 (2001)
Barbara A. HATCHER, Petitioner,
v.
Steven DAVIS, Respondent.
No. 2D00-4770.
District Court of Appeal of Florida, Second District.
August 22, 2001.
Jeffrey A. Blau, Tampa, for Petitioner.
David A. Rowland, Court Counsel, Tampa, for Respondent.
SILBERMAN, Judge.
Barbara Hatcher seeks certiorari review of Administrative Order S-1999-028 issued by then Chief Judge F. Dennis Alvarez of the Thirteenth Judicial Circuit. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(3) and 1-888-Traffic Schools v. Chief Circuit Judge, Fourth Judicial Circuit, 734 So.2d 413 (Fla.1999) (recognizing that challenges to administrative orders, other than challenges to judicial assignments or challenges *766 made by a member of the Florida Bar or a member of the judiciary, should be made to the district court of appeal by way of a petition for writ of certiorari). Because the administrative order improperly delegates control of the court's calendar, we grant the petition.
Administrative Order S-1999-028 created the position of Support Enforcement Hearing Officer. Paragraph six of the order contains the language which is challenged in this proceeding. It states: "All notices of hearing and proposed orders shall be prepared by the plaintiff's attorney, unless otherwise directed by the hearing officer."
Hatcher argues that the administrative order improperly delegates the court's authority to schedule child support enforcement hearings to a private law firm which provides enforcement services on behalf of the Florida Department of Revenue. She contends that when her attorney attempted to schedule a motion for hearing, the hearing officer's assistant told the attorney to contact the Department's contract law firm because all hearings were scheduled through the firm. Hatcher states that her attorney then contacted the law firm and was told to forward a copy of the motion so that it could be reviewed by one of the firm's attorneys; after review, the firm would schedule the hearing time.
Hatcher asserts that the provision in paragraph six of the administrative order that notices of hearing are to be prepared by the plaintiff's attorneyconflicts with the language of Florida Family Law Rule of Procedure 12.491(e)(1). The rule provides that, upon receipt of a support proceeding, the hearing officer shall "assign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law." Id.
A response to the petition was filed by Chief Judge Alvarez, outlining the procedure used to schedule enforcement hearings. He notes that the Department of Revenue, pursuant to section 409.25575, Florida Statutes (1999), contracted with the law firm to provide enforcement services. He states that the Department is the petitioner (or plaintiff) in the vast majority of cases which are scheduled to be heard by the hearing officer. Blocks of time for hearings are set aside by the hearing officer. In order to schedule a hearing, the private party's attorney is directed to coordinate with the Department's contract law firm to obtain one of the blocks of time.
If a chief judge issues an administrative order which attempts to amend a statute or rule by adding terms and conditions, that administrative order is invalid because it limits judicial discretion and exceeds the authority granted under Florida Rule of Judicial Administration 2.050(b). See, e.g., Hewlett v. State, 661 So.2d 112, 115 (Fla. 4th DCA 1995); Valdez v. Chief Judge of the Eleventh Judicial Circuit, 640 So.2d 1164, 1165 (Fla. 3d DCA 1994). In the present case, we conclude that the language in paragraph six of Administrative Order S-1999-028 impermissibly conflicts with Florida Family Law Rule of Procedure 12.491(e)(1) because the order delegates preparation of all notices of hearing to the plaintiff's attorney, who, in most instances, will be an attorney with the Department's contract law firm. Furthermore, by generally allowing only the plaintiff's attorney to notice matters for hearing, thereby precluding the defendant from noticing a matter for hearing, the defendant is effectively deprived of access to the courts unless the plaintiff's attorney prepares a notice for hearing. See Art. I, § 21, Fla. Const.
We agree with the comment by Chief Judge Alvarez that parties need to cooperate *767 to coordinate the scheduling of hearings among themselves and with the hearing officer's calendar. However, delegating to one party the exclusive ability to prepare notices of hearing effectively gives that party the keys to the courthouse door. Accordingly, we grant the petition for writ of certiorari and quash the language in paragraph six of the administrative order to the extent that it mandates that all notices of hearing shall be prepared by the plaintiff's attorney.
Petition granted.
ALTENBERND, A.C.J., and GREEN, J., Concur.