PER CURIAM.
D.G., the father of two minor children, challenges a finding of dependency claiming that there was insufficient evidence to support the trial court’s decision. We reverse because, through no fault of the father, critical portions of the record are unavailable for our review.
The dependency petition filed by the Department of Children and Families contained three counts alleging abuse, neglect, and abandonment. The trial court determined the adolescent children dependent based only on the first count and dismissed the other two for lack of evidence. The trial court ruled the children dependent based on their father’s chronic drug usage, thus causing harm to the children. § 39.01(30)(g)(2), Fla. Stat. (2001). D.G. admitted some recent illegal drug use and testified that he had attended three different residential rehabilitation programs in his seventeen-year marriage, the last in 1995, but he asserted that he had never used drugs in the presence of his children, as one child had claimed. The trial court’s order included a finding that the children and their mother admitted misrepresenting facts to authorities to obtain help for D.G. or because they were mad at him.
We are hampered in our review of this case because the trial court’s decision was based, in large part, on the children’s testimony at the dependency hearing but a *409 transcript of their testimony is not part of the appellate record. When the court reporter attempted to transcribe the tape that had recorded the children’s testimonies, she found that it was blank. D.G. claims that he is severely prejudiced by this omission in the record, through no fault of his own, because the children’s testimonies are critical in this case. We agree.
In Jones v. State, 780 So.2d 218 (Fla. 2d DCA 2001), a full transcript of the trial proceedings was requested by the defendant but was not available for review, through no fault of the defendant. The missing portions of the transcript were necessary for a complete review of the issues raised on appeal, and the court had no alternative but to remand the case for a new trial. The same is true in this case. See also Freeman v. State, 804 So.2d 484 (Fla. 2d DCA 2001). D.G.’s counsel cannot adequately represent his client or accurately present the issues to us without this critical part of the record. Therefore, we reverse the finding of dependency and remand the case to the trial court for retrial.
Reversed and remanded.
FULMER, CASANUEVA and KELLY, JJ., Concur.