920 So.2d 814 (2006)
Julianne M. HOLT, Public Defender, Thirteenth Judicial Circuit, Petitioner,
v.
CHIEF JUDGE OF the THIRTEENTH JUDICIAL CIRCUIT, Respondent.
No. 2D05-4301.
District Court of Appeal of Florida, Second District.
February 17, 2006.
*815 Julianne M. Holt, Public Defender, and John J. Skye, Assistant Public Defender, Tampa, for Petitioner.
David A. Rowland, Court Counsel, Tampa, for Respondent.
WALLACE, Judge.
Julianne M. Holt, Public Defender for the Thirteenth Judicial Circuit (the Public Defender), petitions this court for certiorari review of an administrative order entered on August 11, 2005 (the Order),[1] by Manuel Menendez, Jr., Chief Judge of the Thirteenth Judicial Circuit (the Chief Judge). The Order contains a comprehensive plan providing for the use of electronic recording for judicial proceedings as a substitute for traditional stenographic court reporting in various divisions of the Thirteenth Judicial Circuit, including juvenile dependency and delinquency, domestic violence, drug courts, first appearance and emergency, designated felony divisions, and misdemeanor. This court has jurisdiction to review by certiorari a claim that a chief judge has exceeded his or her authority by issuing an administrative order. See 1-888-Traffic Sch. v. Chief Circuit Judge, Fourth Judicial Circuit, 734 So.2d 413 (Fla.1999); Hatcher v. Davis, 798 So.2d 765, 765-66 (Fla. 2d DCA 2001). Because Florida Rule of Judicial Administration 2.070(g)(3) authorized the Chief Judge to issue the Order, we deny the petition for writ of certiorari.

THE PRIOR PETITION
The Public Defender initially sought review by a petition for writ of certiorari joined with an alternative request for a writ of mandamus of a prior "directive" issued by the Chief Judge on June 29, 2005. The Chief Judge's directive was addressed to Michael L. Bridenback, Court Administrator of the Thirteenth Judicial Circuit. The subject of the directive was "Digital Electronic Court Reporting Constraints." The directive was a stopgap measure only, and it lapsed when the Order was entered. The parties agree that the initial petition for writ of certiorari and the alternative petition for writ of mandamus are now moot.

BACKGROUND
Upon the installation of the electronic reporting system in designated divisions of the Thirteenth Judicial Circuit, the Public Defender expressed her concerns to the Chief Judge about the capability of the electronic reporting system to record conversations intended to be private  many of *816 them privileged  between lawyers and their clients and between co-counsel. The Public Defender's concerns were based on the sensitivity of the recording equipment and the placement of microphones at multiple locations throughout the courtrooms in the designated divisions. In short, the Public Defender believed that the electronic reporting system would make it difficult  if not impossible  for attorneys to have private and privileged conversations with their clients in the affected court-rooms.
The Chief Judge issued the directive of June 29, 2005, to address the Public Defender's concerns until a comprehensive administrative order could be drafted and entered. In the directive, the Chief Judge acknowledged that the Public Defender's concerns needed to be addressed. The Chief Judge said, in pertinent part:
[I]t's my understanding that in achieving maximum coverage and clarity, the recording mechanism of the digital electronic court reporting system used in our courtrooms has the technical ability to monitor and intercept statements and conversations which (i) are not part of any judicial proceeding, (ii) are not meant to be "on the record" in any such proceeding, and (iii) could include matters which are subject to the attorney-client and work product privileges. While these additional conversations and statements are many times not clearly audible, technology exists which could be used to enhance the digital record. Certain precautions need to be taken by our electronic court reporting personnel in case any of these additional conversations or statements are ever recorded. In the balance of the directive, the Chief Judge prescribed measures intended to prevent the transcription and dissemination of any matters recorded by the electronic reporting system that were not intended to be part of the record of the judicial proceedings. The Chief Judge included similar measures in the Order that was subsequently entered.

THE PUBLIC DEFENDER'S ARGUMENTS
The Public Defender begins by noting that the Order concedes the potential of the electronic reporting system to record conversations intended to be private and privileged.[2] Nevertheless  the Public Defender argues  the Order fails to protect parties, attorneys, and members of the public present in the affected courtrooms from the risk of having their private conversations become part of the record of the judicial proceedings. The Public Defender claims that the Chief Judge exceeded his jurisdiction in entering the Order because the effect of the Order is to violate the right to privacy in oral communications guaranteed by article 1, sections 12 and 23, of the Florida Constitution. See Mozo v. State, 632 So.2d 623, 630-35 (Fla. 4th DCA 1994), approved on other grounds, 655 So.2d 1115 (Fla.1995). The Public Defender also claims that the Chief Judge exceeded his jurisdiction because the implementation of the Order will result in multiple violations of the provisions against the unauthorized interception of oral communications contained in chapter 934, Florida Statutes (2005). See LaPorte v. State, 512 So.2d 984 (Fla. 2d DCA 1987) (holding that defendant who surreptitiously recorded conversations between models in the *817 dressing room of his modeling studio intercepted oral communications in violation of section 934.03, Florida Statutes (1983)); Brandin v. State, 669 So.2d 280 (Fla. 1st DCA 1996) (suggesting that a private conversation between two men in a public street might be the subject of the interception of an oral communication in violation of chapter 934, Florida Statutes (1993)). Although the Order contains various measures intended to prevent the recording of conversations intended to be private, the Public Defender argues that these measures impose undue burdens on attorneys and their clients and will make it impossible for attorneys to represent their clients effectively in the affected courtrooms. Finally, the Public Defender submits that the safeguards included in the Order to prevent the transcription and dissemination of private and privileged conversations are inadequate to accomplish their purpose.[3]Cf. Kitchen v. State, 917 So.2d 360 (Fla. 1st DCA 2005) (finding that defendant convicted of certain felony offenses could request tapes of his trial in accordance with Florida Rule of Judicial Administration 2.051(e)).

DISCUSSION
Initially, we observe that the scope of this court's review of the Order is limited by two factors. First, although this is an original proceeding, this court has no ability to make independent findings of fact. Second, the record in this case is very limited. The Public Defender's appendix includes the Order; prior administrative orders; the directive of June 29, 2005; the prior petition; and the Chief Judge's suggestion that the prior petition is moot. The Chief Judge's appendix includes photographs of some of the courtrooms showing microphone locations. While the Public Defender's concerns may be well-founded, there is no suggestion before us that any unauthorized recording of private conversations has actually occurred in the courtrooms of the affected divisions of the Thirteenth Judicial Circuit.
As we see it, this court's review is limited to determining whether the Chief Judge exceeded his authority in issuing the Order. The Chief Judge issued the Order in accordance with Rule of Judicial Administration 2.070(g)(3). The rule provides:

Electronic Recording and Transcription of Proceedings Without Court Reporters. A chief judge may enter a circuit-wide administrative order, which shall be recorded, authorizing the electronic recording and subsequent transcription by persons other than court reporters, of any judicial proceedings, including depositions, that are otherwise required to be reported by a court reporter. Appropriate procedures shall be prescribed in the order which shall:
(A) set forth responsibilities for the court's support personnel to ensure a reliable record of the proceedings;
(B) provide a means to have the recording transcribed, either in whole or in part, when necessary for an appeal or for further use in the trial court; and
(C) provide for the safekeeping of such recordings.

*818 The presiding judge in a specific case, however, may require a court reporter, if available, or either party may provide and pay for the cost of a court reporter. Such court reporter shall be subject to the orders of the court and directions to transcribe the record from all parties.
Thus the rule specifically authorized the Chief Judge to enter an administrative order providing for electronic court reporting. It follows that the Chief Judge did not exceed his authority in issuing the Order. Accordingly, we deny the petition for writ of certiorari.

CONCLUSION
The Public Defender's concerns about the potential unintended consequences of the use of the electronic court reporting system in the Thirteenth Judicial Circuit have given us considerable pause.[4] At an expanded oral argument session, we thoroughly explored with the parties the issues raised in the petition. However, the bare possibility that problems of the sort anticipated by the Public Defender will result from the use of the new system is not a sufficient ground for this court to invalidate the Order or to mandate that only traditional stenographic court reporters shall be used in the court-rooms of the Thirteenth Judicial Circuit.
Petition denied.
ALTENBERND and DAVIS, JJ., Concur.
NOTES
[1] The order is identified as "Administrative Order S-2005-128 (Supersedes Administrative Orders S-1995-069, S-1996-098 and S-2002-037)" and is titled "Court Reporting Plan."
[2] This problem is not unique to electronic court reporting systems. A traditional stenographic court reporter may overhear conversations intended to be private and privileged. However, a traditional stenographic court reporter is trained not to record such conversations. The electronic court reporting system cannot be "trained" to disregard matters not intended to be part of the official record of the court proceedings.
[3] To date, the problems courts have confronted relating to electronic court reporting systems have generally stemmed from equipment that malfunctioned completely or contained inaudible segments. See, e.g., D.G. v. Dep't of Children & Families, 835 So.2d 408 (Fla. 2d DCA 2003) (reversing finding of dependency for retrial where portion of tape that recorded children's testimonies was blank). The Public Defender's argument suggests that in the future, courts will have to address complications caused by electronic court reporting equipment that works too well.
[4] The legislature may wish to consider the enactment of legislation to ensure that the recording by an authorized provider of electronic court reporting services in a courtroom environment of conversations intended to be private is not criminalized or actionable under chapter 934. Also, the Supreme Court of Florida may wish to consider amending Florida Rule of Judicial Administration 2.051 to provide specifically that matters recorded by an electronic court reporting system that are not intended to be part of the record of the judicial proceedings shall be deemed confidential.