967 So.2d 1075 (2007)
Sandra JIMENEZ, Petitioner,
v.
Eloise RATENI, a/k/a El Rateni, d/b/a Cleaning by El, and Cleaning by El., etc., Respondents.
No. 2D06-5413.
District Court of Appeal of Florida, Second District.
November 9, 2007.
*1076 George R. Baise Jr. of George R. Baise Jr., P.A., Bradenton, and Perry Tanksley, Sarasota, for Petitioner.
Joseph F. Summonte, Jr., of Judd, Ulrich, Scarlett & Dean, P.A., Sarasota, for Respondents.
CANADY, Judge.
Sandra Jimenez seeks certiorari review of an interlocutory order entered by the circuit court in a civil appellate proceeding. The circuit court's order denied a motion filed by Jimenez seeking issuance of an order requiring the assignment of the appellate case pursuant to the provisions of a local rule of court. For the reasons we explain, we conclude that Jimenez is entitled to certiorari relief.
This case presents the question of whether the assignment in the circuit court of a case on appeal from the county court is consistent with the requirements of Twelfth Judicial Circuit Local Rule (1)(e)(2), that "[a]ll county court civil appeals shall be randomly assigned to lettered divisions of the Civil Division." The circuit court in the order at issue here rejected Jimenez's contention that the process of assignment pursuant to this rule "requires a random assignment to any Circuit Civil judge regardless of the County of his or her assignment." The circuit court concluded that because the jurisdiction of the Sarasota County clerk of the circuit court is "limited to the geographical boundaries of Sarasota County," acceptance of the interpretation of rule 1(e)(2) urged by Jimenez would "create a legal anomaly." Under the circuit court's interpretation, the assignment of civil appeals from the Sarasota County Court is thus limited to circuit judges assigned to the Civil Division in Sarasota County.
To obtain certiorari relief from an "erroneous interlocutory order," a petitioner must initially establish as a basis for the exercise of certiorari jurisdiction that "[the] interlocutory order creates material harm irreparable by postjudgment appeal." *1077 Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995). If that jurisdictional threshold is met, the petitioner must go on to show that the challenged order "departs from the essential requirements of the law." Id.
We have common law certiorari jurisdiction to review the circuit court's order here because the utilization of an improper process for the assignment of a judicial case causes "material injury . . . that cannot be corrected on postjudgment appeal." Id. at 648. The asserted injury consists in the litigant's being required to proceed with the adjudication of an appeal before a judicial officer who has been assigned unlawfully. This is akin to the injury of being required to try a case before a judge who has improperly denied a motion for disqualification of the judge, an injury for which interlocutory relief is available by way of prohibition. See Castro v. Luce, 650 So.2d 1067 (Fla. 2d DCA 1995). It is also akin to the injury of being required to try a case where the trial court has erred in its disposition of a motion for disqualification of counsel, an injury for which certiorari relief is available. See Gonzalez ex rel. Colonial Bank v. Chillura, 892 So.2d 1075 (Fla. 2d DCA 2004).
The exercise of certiorari jurisdiction here is also supported by the cases in which certiorari has been recognized as an appropriate vehicle for challenging administrative orders of circuit courts. See 1-888-Traffic Schools v. Chief Circuit Judge, Fourth Judicial Circuit, 734 So.2d 413 (Fla.1999); Hatcher v. Davis, 798 So.2d 765 (Fla. 2d DCA 2001). Although Jimenez did not institute this proceeding as a challenge to an administrative order and the circuit court's order makes no reference to an administrative order, Jimenez in effect challenges an administrative practice which is based on an administrative order. See Twelfth Judicial Circuit Administrative Order LC-82-01 (providing that civil appeals from the County Court of Sarasota County "be assigned by the random process to the various civil divisions of the Circuit Court in Sarasota County").
Having determined that we have certiorari jurisdiction, we turn to the question of whether there has been "a departure from the essential requirements of the law," Parkway Bank, 658 So.2d at 648, that is, whether "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice," Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003).
We conclude that the unambiguous provisions of rule 1(e)(2) require that the random assignment of civil appeals from the county court be made to judges drawn from the pool of all the circuit judges in the Civil Division of the Twelfth Circuit. The circuit court is precluded from following any local administrative order or practice that is inconsistent with the provisions of this rule. See Fla. R. Jud. Admin. 2.120(c); McAlevy v. State, 947 So.2d 525, 528 (Fla. 4th DCA 2006); Melkonian v. Goldman, 647 So.2d 1008, 1009-10 (Fla. 3d DCA 1994); State ex rel. Zuberi v. Brinker, 323 So.2d 623, 624-26 (Fla. 3d DCA 1975).
Twelfth Judicial Circuit Court Rule 1(d) provides that "[t]he Civil Division shall be subdivided into lettered divisions for each judge in the Division." The provision in rule 1(e)(2) for the "random assignment" of civil appeals "to lettered divisions of the Civil Division" can only be interpreted as requiring that all the judges of the Civil Division be included in the assignment pool for civil appeals. The circuit court's ruling to the contrary constitutes a departure from the essential requirement of law. The text of the rule constitutes clearly established law from which the circuit court has departed. See Kaklamanos, 843 *1078 So.2d at 890 (holding that "`clearly established law' can derive from a variety of legal sources, including . . . rules of court").
The unambiguous meaning of the text of rule 1(e)(2) is reinforced by the provision of rule 1(e)(1) which governs criminal appeals from county court: "All county court criminal appeals are assigned to the resident felony judge of the county where the appeal originate[d]." The express reference in this portion of rule 1(e) to the assignment of criminal appeals in "the county where the appeal originate[d]" militates strongly against the suggestion of an implicit geographical limitation of the pool of judges to whom civil appeals will be assigned.
The circuit court erred in concluding that the intercounty assignment of appeals would create a "legal anomaly." The intercounty assignment of cases does not implicate the authority of the clerk of the circuit court. Instead, the assignment of cases is a matter of the authority of the circuit court as it is exercised in accordance with pertinent requirements of law. "The chief judge of each judicial circuit . . . exercise[s] administrative supervision over all the trial courts within the judicial circuit and over the judges and other officers of such courts." § 43.26(1), Fla. Stat. (2006). The clerk of court is required to "manage the performance of" the services the clerk provides to the trial court "in a method or manner that is consistent with statute, rule, or administrative order." § 43.26(6). There is nothing in the law which prevents the Sarasota County clerk of the circuit court from acting in a manner that is consistent with rule 1(e)(2).
Because the circuit court's order, which cannot be remedied on postjudgment review, violates a clearly established principle of law and results in a miscarriage of justice, we grant the certiorari petition and quash the interlocutory order.
Petition granted.
WHATLEY and CASANUEVA, JJ., Concur.