WHATLEY, Judge.
 

 Jill Strong seeks a •writ of prohibition to prevent a county judge from presiding over her family law case and a writ of mandamus to compel someone other than the chief judge or the presiding circuit court judge to reassign her case to a different division in the circuit court. We dismiss the petition for writ of prohibition for lack of jurisdiction. We dismiss the petition for writ of mandamus as there is no authority for mandamus relief in the manner sought by Strong.
 

 Both petitions arise from the reassignment of a family law case filed in Division H of the Circuit Court for Sarasota County. Division H is within the South County Judicial District of Sarasota County, a special judicial district of the Twelfth Judicial Circuit as described in various administrative orders. Pursuant to Twelfth Judicial Circuit Local Rule 8.1 and 8.7, the case was originally assigned to Judge Robert H. Bennett as the “Family H” judge assigned to the South County courthouse.
 
 [1]
 
 On motion from Strong, Judge Bennett was disqualified and the case was reassigned to a county judge serving temporarily as an acting circuit judge.
 

 After the acting circuit judge later disqualified herself on her own motion pursuant to Florida Rule of Judicial Administration 2.160(f), Chief Judge Lee E. Haworth, acting within the scope of his authority when he made the assignment, reassigned the ease to another county court judge serving temporarily as an acting circuit judge.
 
 See
 
 Fla. R. Jud. Admin. 2.215(b)(4);
 
 State ex rel. Treadwell v. Hall,
 
 274 So.2d 537, 539 (Fla.1973) (holding that a chief judge may assign qualified county judges “as temporary circuit judges for the performance of any judicial service a circuit judge can perform”).
 

 Strong contends that this last assignment was improper. Apparently unaware of the order appointing the second judge as acting circuit judge, Strong asserted that assignment to a county judge would deprive the circuit court of jurisdiction of the case and that Twelfth Judicial Circuit Administrative Order 2008-13.2 (AO 2008-13.2) required that the case be transferred or reassigned to another division of the circuit court rather than to a county judge. Twelfth Circuit Local Rule 8.7, approved in June 2007, states that “family law matters filed in Division H of the Circuit Court for Sarasota County ... will be heard by the judges assigned to the South County courthouse in Venice, Florida.” AO 2008-13.2, entered in September 2008 in response to “dramatic increases in case filings in the South County Judicial District,” restricted new filings in that area to family cases and reassigned other pending cases to other divisions of the court. Paragraph 9 of AO 2008-13.2 provides that “[u]pon good cause shown, the Chief Judge or the presiding Circuit Judge in Division H may order that Family Division matters ... be transferred or reassigned to another division of the Circuit Court.”
 

 Strong argues that
 
 Jimenez v. Rateni,
 
 967 So.2d 1075 (Fla. 2d DCA 2007), and
 
 Del Valle v. Tolson,
 
 969 So.2d 1121 (Fla. 2d DCA 2007), in which this court granted certiorari review and quashed interlocutory orders entered by the circuit court regarding judicial assignment in civil appellate proceedings, require this court to grant the petitions for a writ of prohibition and mandamus to reassign her case to another division of the court rather than
 
 *1062
 
 the county judge.
 
 Jimenez
 
 and
 
 Del Valle,
 
 however, considered orders that violated the unambiguous provisions of a local rule regarding assignment of civil appeals from the county court. This court found “common law certiorari jurisdiction to review the circuit court’s order ... because the utilization of an improper process for the assignment of a judicial case causes ‘material injury ... that cannot be corrected on postjudgment appeal.’ ”
 
 Jimenez,
 
 967 So.2d at 1077 (internal citation omitted). This court also found jurisdiction based on cases recognizing certiorari as an appropriate vehicle for challenging certain administrative orders, noting that although Jimenez had made no reference to an administrative order, she was in effect challenging an administrative practice based on an administrative order. That jurisdiction, however, properly includes “challenges to administrative orders,
 
 other than challenges to judicial assignments.” See Hatcher v. Davis,
 
 798 So.2d 765, 765 (Fla. 2d DCA 2001) (citing
 
 1-888-Traffic Schools v. Chief Circuit Judge, Fourth Judicial Circuit,
 
 734 So.2d 413 (Fla.1999)) (emphasis added). Finally, Jimenez challenged the practice of how appeals were assigned, not the assignment of a particular case to a particular judge.
 

 Strong, however, seeks prohibition and mandamus relief and has neither requested nor shown a basis for converting this proceeding to one in certiorari. Further, Strong’s ultimate challenge is not to an administrative practice based on an administrative order but to the order assigning her case to the second county judge and, in her reply, to the validity of the order assigning the second county judge as acting circuit court judge. Even assuming that AO 2008-13.2 is the kind of order subject to review by a district court, in Strong’s case an unambiguous local rule states that family law cases
 
 will
 
 be heard by judges assigned to the South County courthouse, and a discretionary provision of an administrative order states that Family Division matters
 
 may
 
 be transferred or reassigned to another division of the circuit court.
 

 The supreme court has been clear in “concluding] that [the supreme court] has exclusive jurisdiction to review judicial assignments,” that “there is nothing in our Constitution to indicate that district courts are to share in the administrative supervision of our trial courts,” and has unambiguously held that “a litigant who is affected by a judicial assignment made by a chief judge of a judicial circuit must challenge that assignment in the trial court and then seek review in [the supreme court] by way of petition for writ of prohibition or petition under the ‘all writs’ power.”
 
 Wild v. Dozier,
 
 672 So.2d 16, 17-18 (Fla.1996);
 
 see also Physicians Healthcare Plans, Inc. v. Pfeifer,
 
 846 So.2d 1129, 1133 (Fla.2003) (quoting
 
 Wild
 
 and reiterating that exclusivity).
 
 Wild
 
 concerned the validity of an administrative order appointing a particular county judge as acting circuit judge and his subsequent assignment to hear felony cases. Later, the supreme court clarified in
 
 1-888-Traffic Schools,
 
 734 So.2d at 416, that the exclusive jurisdiction found in
 
 Wild
 
 applies specifically to administrative orders making judicial assignments but does not extend to all other administrative orders.
 

 Consequently, this court is without jurisdiction to rule on the petition for writ of prohibition. There is no authority for mandamus relief in the manner sought by Strong. Accordingly, both petitions are dismissed.
 

 Dismissed.
 

 CASANUEVA and SILBERMAN, JJ., concur.
 

 [1]
 

 . Judge Bennett is currently the presiding circuit judge in the South County and also serves as the Acting Chief Judge for the Twelfth Judicial Circuit in the absence of the chief judge.