CANADY, Associate Judge.
In this case involving a dispute between appellant, the Clerk of the Circuit Court of Collier County (Clerk), and appellee, the Board of County Commissioners of Collier County, we consider questions concerning the scope of the powers exercised by the Clerk acting in his capacity as county auditor and custodian of all county funds.
The establishment by county employees of a checking account for a fire district controlled by the county precipitated the dispute underlying this litigation. Although the funds in the fire district checking account were ultimately surrendered to the Clerk, the litigation of a declaratory judgment action instituted by the Clerk and quo warranto proceedings instituted by the county moved forward. In the declaratory judgment action, the Clerk sought a determination that it was appropriate for him to make inquiries regarding an account such as the fire district account and to obtain custody of the funds contained in the account. In addition, the Clerk sought a determination that certain other actions were within the scope of his powers with respect to the county’s fiscal affairs. In the quo warranto proceedings, the county sought a judgment limiting the Clerk’s activities related to the county’s fiscal affairs.
In the consolidated declaratory judgment and quo warranto proceedings, the circuit court entered summary judgment in *846 favor of the county. On appeal, the Clerk challenges the circuit court’s ruling on three issues. First, the Clerk challenges the ruling that the Clerk has no authority to investigate the status of county funds which were not in the actual custody of the Clerk. Second, the Clerk challenges the ruling that the Clerk is not authorized to conduct postpayment internal audits concerning county expenditures. Third, the Clerk challenges the ruling that the Clerk does not have independent authority to prepare the county’s financial statements.
With respect to the third issue, the trial court ruled that “the Clerk’s authority to prepare financial statements on behalf of the County is not derived from a specific grant of constitutional or statutory power, but rather is derived from a delegation of authority by the Board of County Commissioners” and that the “scope of this delegation is within the discretion of the Board of County Commissioners, and may be granted, removed or modified.” We affirm the trial court’s ruling on this issue without further comment. With respect to the other two issues, however, we reverse the trial court’s ruling for the reasons we explain below.
On the issue of the Clerk’s power to investigate county funds which are not in the Clerk’s custody, the circuit court ruled as follows:
[T]o the extent that the Clerk is the custodian of all County funds, he necessarily can only be the custodian of those funds to which he has been given custody, which would presumably encompass all County funds. Even if the Clerk becomes aware or suspects that there are County funds of which he has not been given custody, this Court is unaware of any constitutional or statutory authority that would allow the Clerk to initiate an independent investigation or attempt to recover those funds, absent instruction from the Board of County Commissioners.
The court went on to state that this “does not preclude the Clerk from seeking authority to pursue these funds or making these funds known to any appropriate authority, but ... the Court cannot acquiesce to the Clerkfs] making unilateral investigations into these funds.” On the issue of the Clerk’s authority to conduct postpayment audits with respect to county expenditures, the circuit court ruled as follows:
[P]rior to signing any warrant for the payment of any claim, bill or indebtedness from county funds, the Clerk is required to insure that the payment is lawful. Consequently, any auditing necessary to insure the legality of the expenditure prior to the payment is proper. However, the Court is unable to find that the Clerk has been granted any specific constitutional or statutory authority to perform further audits beyond the time that the warrant is signed, unless so directed by the Board of County Commissioners.
Article 8, section 1(d) of the Florida Constitution provides that “[w]hen not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds.” There is no special law or charter provision divesting the Clerk of the duties specified in this constitutional provision. As is the case with other state and county officers, the powers and duties of the clerk of the circuit court “shall be fixed by law.” Art. II, § 5(c), Fla. Const. Section 28.12, Florida Statutes (2007), provides that the “clerk of the circuit court shall be clerk and accountant of the board of county commissioners,” and that the Clerk “shall keep the minutes and accounts and perform such other duties as *847 provided by law.” Section 136.08, Florida Statutes (2007), provides that the “accounts of each and every board and the county accounts of each and every depository ... shall at all times be subject to the inspection and examination by the County auditor.” Section 136.06(1) requires that checks or warrants drawn on county accounts shall be “attested by the clerk.” Section 129.09, Florida Statutes (2007), imposes both personal civil liability and criminal liability on any clerk of the circuit court acting as county auditor who signs a warrant for any illegal or unauthorized payment of county funds.
“A statutory grant of power or right carries with it by implication everything necessary to carry out the power or right and make it effectual and complete.” Deltona Corp. v. Fla. Pub. Serv. Comm’n, 220 So.2d 905, 907 (Fla.1969).
It is the well settled rule in this state that if a statute imposes a duty upon a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for complete exercise or performance of the duty, that is not in violation of law or public policy.
Peters v. Hansen, 157 So.2d 103,105 (Fla. 2d DCA 1963); see also Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789, 792 (1919).
We conclude that the trial court’s ruling prohibiting the Clerk from investigating county funds that have not been placed in his custody unduly limits the Clerk’s ability to carry out his responsibilities as the custodian of all county funds. A public officer with the right and responsibility to maintain custody of public funds necessarily has the authority both to investigate circumstances in which public funds have wrongfully been withheld from the officer’s custody and to seek to obtain custody of the withheld funds. Restricting the Clerk’s authority to do so is inconsistent with the goal of protecting public funds from misappropriation, and it is inconsistent with the effectual and complete exercise of the Clerk’s authority as custodian of all county funds. We make no comment on the availability of any specific legal processes that the Clerk may seek to utilize in investigating county funds that have been withheld from his custody.
Similarly, we conclude that the trial court’s ruling prohibiting postpayment audits is inconsistent with the Clerk’s statutory power to inspect and examine all county accounts at all times and with the Clerk’s statutory duty to ensure that all payments of county funds comply with applicable legal requirements. Postpayment audits to verify the legality of payments that have been made are necessary to effectively carry out the Clerk’s duty to ensure that county funds are expended only as authorized by law. Verification of the legality of payments already made — a process which tests the soundness of existing internal controls — is directly related to ensuring that future payments are legal. To deny the Clerk the ability to conduct such postpayment audits would compromise the Clerk’s duty and power to guard against the illegal use of county funds. Such audits are distinct from the “financial audits” of financial statements defined in sections 11.45(l)(c) and 218.31(17), Florida Statutes (2007).
Affirmed in part; and reversed in part.
FULMER,[1] J., Concurs.
SILBERMAN, J., Concurring in part, dissenting in part, with opinion.