PER CURIAM. The Sheriff of Sarasota County petitions this court for certiorari review of portions of Administrative Order 2017-4.2, issued by the Chief Judge of Florida’s Twelfth Judicial Circuit, that direct the Sheriff to secure court facilities. “This court has jurisdiction to review by certio-rari a claim that a chief judge has exceeded his or her authority by issuing an administrative order.” Holt v. Chief Judge of Thirteenth Judicial Circuit, 920 So.2d 814, 815 (Fla. 2d DCA 2006) (first citing 1-888-Traffic Sch. v. Chief Circuit Judge, Fourth Judicial Circuit, 734 So.2d 413 (Fla. 1999); then citing Hatcher v. Davis, 798 So.2d 765, 765-66 (Fla. 2d DCA 2001)). Because the Sheriff has not met his burden to show that the Chief Judge exceeded his authority by issuing the order, we deny the petition. The challenged portions of the administrative order require the Sheriff to provide security for certain court facilities where no sessions of court are held. According to the parties, these facilities largely house offices of the Clerk of the Sarasota Circuit Court, judicial chambers, court staff offices, and court-related administrative offices. With respect to these facilities, the Sheriff challenges the following provisions of the order: The Sheriffs of the three counties of the Twelfth Judicial Circuit shall provide security for the court facilities of the circuit and county courts, their personnel, clerks’ staff (acting as an arm of the judicial court in furtherance of court business), jurors, attorneys and the public who access court facilities.... [[Image here]] [With certain exceptions], all persons entering court facilities through public access portals shall be subject to identification verification and search. Searches shall be conducted at all points of public ingress under procedures established by the Sheriffs using personnel and equipment-approved by them. Searches shall include the protocols, techniques, and equipment most- likely to detect contraband, weapons, firearms, flammable, hazardous or toxic materials, bombs, biological and chemical agents.... [[Image here]] Persons refusing to be searched shall be denied access to court facilities.... [[Image here]] At the request of the Trial Court Administrator or his designee, the Sheriffs shall conduct initial .and subsequent background and criminal history investigations on all persons to whom the Trial Court Administrator has granted secure access [[Image here]] The, Sheriffs shall also conduct initial and subsequent background and criminal history investigations on all vendors who regularly work within court facilities .;.. [[Image here]] Deputy Sheriffs shall prohibit any activity which is perceived to be a threat to the safety of persons or property within court facilities or on court facilities grounds, or which disrupts the official business conducted within such facilities .... The Sheriff argues that by directing him to provide -security beyond the dictates of section 30.15, Florida Statutes (2016), the Chief Judge—an arm of the judicial branch—exceeded his authority and encroached on the Sheriffs constitutional independence in violation of separation of powers principles. According to the Sheriff, the Chief Judge can only compel him to provide security within the literal four corners of a courtroom wherein sessions of court are actually held because section 30.15, which addresses the “[p]owers, duties, and obligations” of the Sheriff, only requires the Sheriff to, in relevant part, “[ajttend all sessions of the circuit court and county court.” § 30.15(l)(c). The Sheriff further argues that the Chief -Judge exceeded his authority because the challenged portions improperly specify how, even within the four corners of the courtroom, the Sheriff performs his independent function of providing security. The Chief Judge responds that the Sheriff has not shown that he exceeded his authority because the order only affects the Sheriff in his capacity as an officer of the court, and the Chief Judge has the power to direct the Sheriff, as an officer of the court, to provide security for court facilities in order to promote the prompt and efficient administration of justice. We conclude that the Sheriff has failed to show that the Chief Judge exceeded his authority by issuing Administrative Order 2017-4.2. Article II, section 3 of the Florida Constitution divides our state government into three branches and provides that “[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.” Regarding the powers of the Chief Judge, the Florida Constitution provides that he “shall be responsible for the administrative supervision of the circuit courts and county courts in his circuit.” Art. V, § 2(d), Fla. Const. The Sheriff, on the other hand, is a county .officer whose “powers [and] duties ... shall be fixed by law.” Art. II, § 5(c), Fla. Const.; Art. VIII, § 1(d), Fla. Const. Thus, in examining the contours of the powers at issue in this case, we must consider the sources of law designed to fix those powers. We begin our examination with section 43.26(2)(e), Florida Statutes (2016), which empowers the Chief Judge “[t]o do everything necessary to promote the prompt and efficient administration of justice in the courts over which he ... is chief judge.” See also Fla. R. Jud. Admin. 2.215(b)(3) (“The chief judge .... shall, considering available resources, ensure the efficient and proper administration of all courts within that circuit.”). “A statutory grant of power or right carries with it by implication everything necessary to carry out the power or right and make it effectual and complete,” Brock v. Bd. of Cty. Comm’rs of Collier Cty., 21 So.3d 844, 847 (Fla. 2d DCA 2009) (quoting Deltona Corp. v. Fla. Pub. Serv. Comm’n, 220 So.2d 905, 907 (Fla. 1969)). Consistent with this statutory grant of power, Florida Rule of Judicial Administration 2.215(b)(2) requires the Chief Judge to “direct the formation and implementation of policies and priorities for the operation of all courts and officers within the circuit,” which he may do through the use of administrative ordérs. Moreover, he “shall have the authority to require that all judges of the court, other court officers, and court personnel comply with all court and judicial branch policies, administrative orders, procedures and administrative plans.” Fla, R. Jud. Admin. 2.215(b)(2) (emphasis added). Pursuant to section 26.49, Florida Statutes (2016), “[t]he sheriff of the county shall be the executive officer of the circuit court of the county.” See also § 34.07, Fla. Stat. (2016) (sheriff also executive officer of county court). From these sources of law, it is clear that the Chief Judge has the power to require the Sheriff, as an officer of the .court, to comply with an administrative order that contains policies designed to promote the prompt and efficient administration of justice. The concern from the Sheriffs point of view now becomes whether the geographic scope of the Chief Judge’s power extends beyond the literal four corners of the courtroom. Relating to the Chief Judge’s authority to promote the prompt and efficient administration of justice in the courts, section 43.26(6) specifies that “[t]he clerks of court provide court-related functions which are essential to the orderly operation of the judicial branch,” And, “[t]he chief judge may authorize the clerks of courts to maintain branch county court facilities.” Fla. R. Jud. Admin. 2.215(b)(9). Importantly, rule 2.215(b)(7) gives the Chief Judge the power to “regulate the use of all court facilities.” While rule 2.215 does not explicitly define the phrase “court facilities,” section 29.008, Florida Statutes (2016), which addresses the funding of court-related functions, provides guidance on the issue. In enumerating the facilities within, the Circuit to be secured pursuant to the instant order, the Chief Judge applied the following definition contained in section 29.008(l)(a): “Facility” means reasonable and necessary buildings and office space and appurtenant equipment and furnishings, structures, real estate, easements, and related interests in real estate, including, but not limited to, those for the purpose of housing legal materials for use by the general public and personnel, equipment, or functions of the circuit or county courts, public defenders’ offices, state attorneys’ offices, and court-related functions of the office of the clerks of the circuit and county courts and all storage. The term “facility” includes all wiring necessary for court reporting services. The term also includes access to parking for such facilities in connection with such court-related functions that may be available free or from a private provider or a local government for a fee. From these sources of law, it is clear that the Chief Judge’s power, pursuant to section 43.26 and rule 2.215, extends beyond the literal four corners of a courtroom wherein sessions of court take place. Indeed, the power extends to all court facilities, including the facilities identified in the administrative order under review. The final piece of this puzzle involves the question of security. Keeping in mind the Chief Judge’s power to regulate the use of all court facilities and do everything necessary to promote the efficient administration of justice, the Florida Constitution further provides that, with respect to the funding of the judiciary, “[cjounties shall be required to fund the cost of ... security of facilities for the trial courts, public defenders’ offices, state attorneys’ offices, ' and the offices of the clerks of the circuit and county courts performing court-related functions.” Art. V, § 14(c), Fla. Const.; see also § 29.008(1) (same). Moreover, in section 29.008(l)(e), the legislature specified that “[sjecurity” includes but is .not limited to, all reasonable, and necessary costs of services of law enforcement officers or licensed security guards and all electronic, cellular, or digital monitoring and screening devices necessary. to ensure the safety and security of all persons visiting or working in a facility; to provide for security of the facility, including protection of . property owned, by the county or the state; and for security of prisoners brought to any facility. This includes bailiffs while providing courtroom and other security for each judge and other quasi-judicial officers. Thus, it is clear that the Chief Judge’s responsibility to promote the administration of justice in the courts includes the power to issue an administrative order directing the security of court facilities. The Sheriff recognizes the Chief Judge’s power to order security for court facilities. He nevertheless .maintains that the .Chief Judge exceeded his authority .by requiring the Sheriff, exclusively, to provide that security.' Even assuming the Sheriffs characterization of the order.-is accurate, the Sheriff has not identified any source of law that prohibits such a mandate. In an attempt to meet this burden, the Sheriff argues that section 30.15 defines the exclusive scope of the Sheriffs obligations with respect to the court and does not include a duty to provide security for court facilities. However, section 30.15(l)(j) explicitly requires the Sheriff to “[p]erform such other duties as may be imposed upon [him] by law.” As explained above, the Chief Judge is legally empowered to issue administrative orders regarding the security of court facilities and to compel court officers, such as the Sheriff, to comply with its administrative orders. Nothing in section 30.15 absolves the Sheriff of his duty to comply with the lawful administrative order at issue here. We likewise reject the Sheriffs argument that the Chief Judge exceeded his authority by specifying how the Sheriff provides security. The order clearly leaves decisions regarding procedures, techniques, protocols, personnel, and equipment up to the Sheriffs discretion. Cf. Morse v. Moxley, 691 So.2d 504, 506 (Fla. 5th DCA 1997) (holding that while the chief judge could generally compel the clerk or deputy clerks to attend court] he exceeded his authority by issuing an administrative order directing specific deputy clerks to attend specific sessions of court). Finally, we reject the Sheriffs contention that the order somehow requires the Sheriff to expend his own funds. The plain language of article V, section 14, subsection (c) of the Florida Constitution, and section 29.008—which the Chief Judge applied in defining the facilities to be secured pursuant to the order—explains that the County, not the Sheriff, provides the funds for the security directed by the instant administrative order, and nothing in the order specifically compels the Sheriff to provide any funding whatsoever. Having considered all of the applicable sources of law, we cannot say that the Chief Judge exceeded his authority in issuing the administrative order. Accordingly, we deny the Sheriffs petition. Petition denied. NORTHCUTT and CRENSHAW, JJ., Concur. BADALAMENTI, J., Concurs with opinion.