On Motion to Seal

PER CURIAM.
Appellant BDO Seidman, LLP, has filed a motion for leave to file an appendix under seal. The appendix is filed in support of a motion BDO Seidman has filed in this court relating, to a supersedeas bond.
Upon inspection, the appendix consists of numerous obviously public items, such as the verdict form, final judgment, civil supresedeas bonds, pleadings, and hearing transcripts.
The test for sealing of court proceedings and records is set forth in Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988). See also Art. I, § 24 Fla. Const. (1968) (amended 2002).
The Barron decision states, in part:
First, a strong presumption of openness exists for all court proceedings. A trial is a public event, and the filed *2 records of court proceedings are public records available for public examination.
Second* both the public and news media shall have standing to challenge any closure order. The burden of proof in these proceedings shall always be on the party seeking closure.
Third, closure of court proceedings or records should occur only when necessary (a) to comply with established public policy set forth in the constitution, statutes, rules, or case law; (b) to protect trade secrets; (c) to protect a compelling governmental interest [e.g., national security; confidential informants]; (d) to obtain evidence to properly determine legal’ issues in a case; (e) to avoid substantial injury to innocent third parties [e.g., to protect young witnesses from offensive testimony; to protect children in a divorce]; or (f) to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of civil proceeding sought to be closed. We find that, under appropriate circumstances, the constitutional right of privacy established in Florida by the adoption of article I, section 23, could form a constitutional basis for closure under (e) or (f). In this regard, we disagree with the distridt court in the instant case. Further, we note that it is generally the content of the subject matter rather than the status of the party that determines whether a privacy interest exists and closure should be permitted. However, a privacy claim may be negated if the content of the subject matter directly concerns a position of public trust held by the individual seeking closure.
Fourth, before entering a closure order, the trial court shall determine that no reasonable alternative is available to accomplish the desired result, and, if none exists, the trial court must use the least restrictive closure necessary to accomplish its purpose.
Fifth, the presumption of openness continues through the appellate review process, and the party seeking closure continues to have the burden to justify closure. This heavy burden is placed on the party seeking closure not only because of the strong presumption of openness but also because those challenging the order will generally have little or no knowledge of the specific grounds requiring closure.
Id. at 118-19; see also Fla. R. Jud. Admin. 2.420.
BDO Seidman’s motion is facially insufficient because it does not address the Barron standards. We therefore deny the motion to seal. This ruling is without prejudice to BDO Seidman to file a new motion to seal within ten days, if there is a good faith basis for asserting that any portion of the appendix qualifies for sealing under the test set forth in Barron.
Motion denied.*

 This court is obligated to determine whether there is good cause to seal the documents even where, as here, the other parties do not object. Denial of access "may not be based solely upon the wishes of the parties to the litigation.” Friend v. Friend, 866 So.2d 116, 117 (Fla. 3d DCA 2004).