PER CURIAM.
Media General Corporation, publisher of the Tampa Tribune, seeks a writ of mandamus directed to the Chief Judge of the Sixth Judicial Circuit ordering him to release the audio recording of a sentencing hearing. Media General contends it is entitled to a copy of the recording because it is a record of the judicial branch and no exemption protects it from public disclosure.
Florida Rule of Judicial Administration 2.420, which governs access to judicial branch records, states:
(b) Definitions.
(1) “Records of the judicial branch” are all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity and consist of:
(A) “court records,” which are the contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes, or stenographic tapes of court proceedings.
Citing the rule, Media General contends that the audio recording of Alexander Robles’ sentencing hearing is an “electronic record” of the hearing and therefore is a court record. We disagree.
The audio recording exists because the Sixth Judicial Circuit uses a digital electronic court reporting system in some proceedings rather than a stenographic court reporter. The recording includes matters that are not a part of the sentencing hearing because the microphones in the courtroom capture all the miscellaneous sounds and conversations in the courtroom before, during, and after the hearing. By definition, the record of a court proceeding is comprised only of matters that are part of the proceedings, i.e., the official business of the court. See id. (defining “court records” as including “electronic records ... of court proceedings ”) (emphasis added); Fla. R. Jud. Admin. 2.535(c) (“Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement.”) (emphasis added); see also Holt v. Chief Judge of the Thirteenth Judicial Circuit, 920 So.2d 814 (Fla. 2d DCA 2006)(explaining that digital electronic court reporting systems used in courtrooms capture statements and conversations that are not part of the judicial proceeding or that are not meant to be “on the record”)- Accordingly, we conclude that the audio recording created by digital electronic court reporting systems is not, in and of itself, an “electronic record” of the proceedings.
The audio recording produced by the digital electronic court reporting system exists for the purpose of creating a record of the court proceedings. See Fla. R. Jud. Admin. 2.535(g)(3) (“Electronic Recording and Transcription of Proceedings Without Court Reporters. A chief judge may enter a circuit-wide administrative order, which shall be recorded, authorizing the electron *241 ic recording and subsequent transcription by persons other than court reporters, of any judicial proceedings, including depositions, that are otherwise required to be reported by a court reporter.”). Rule 2.420(f)(2) provides that the custodian of court records shall determine the form in which the record is provided. Here, the custodian, the Chief Judge of the Sixth Judicial Circuit, has elected to supply the record of the proceeding at which Mr. Robles was sentenced in the form of a written transcript, something he has the right to do. Accordingly, we conclude Media General has no right to the audio recording produced by the digital court reporting system, and we deny its petition for a writ of mandamus.
Denied.
FULMER and KELLY, JJ, Concur.
CASANUEVA, J., Concurs specially with opinion.