PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration and the Florida Rules of Appellate Procedure.
 
 [1]
 
 The proposed amendments implement recommendations of the Commission on Trial Court Performance and Accountability concerning court reporting services and the use of electronic recordings of court proceedings. We adopt the majority of the proposed amendments but decline to adopt the amendments that would restrict disclosure of electronic recordings of court proceedings.
 

 BACKGROUND
 

 The Commission on Trial Court Performance and Accountability (Commission)
 
 *1045
 
 was created in 2002 to make recommendations concerning the improvement and accountability of Florida’s trial courts.
 
 See In re Comm’n on Trial Court Performance and Accountability,
 
 AOSC02-27, at 2 (Aug. 30, 2002) (on file with Clerk, Fla. Sup.Ct.). In 2006, the Commission was charged with making “recommendations on the effective and efficient management of due process services.”
 
 In re Comm’n on Trial Court Performance and Accountability,
 
 AOSC06-54, at 1 (Sept. 19, 2006) (on file with Clerk, Fla. Sup.Ct.). As relevant here, the Commission was directed to focus on “clarifying the legal and operational issues arising from the use of digital recording technology” and “developing operational standards and best practices for providing court reporting services.”
 
 Id.
 
 at 1-2. The Commission was authorized “to propose amendments to rules of court procedure on issues involving trial court performance and accountability, for consideration by the Court.”
 
 Id.
 
 at 4.
 

 In October 2007, the Commission submitted its report, titled “Recommendations for the Provision of Court Reporting Services in Florida’s Trial Courts,” and also filed a petition proposing amendments to Rules of Judicial Administration 2.420, Public Access to Judicial Branch Records, and 2.535, Court Reporting, and Rules of Appellate Procedure 9.141, Appeal Proceedings in Criminal Cases, 9.200, The Record, and 9.900(h), Designation to Reporter (form).
 
 [2]
 
 In its petition, the Commission explained that recent legal challenges relating to problems with the use of digital reporting technology have focused on the shift away from trained court reporters toward the use of untrained tran-scriptionists and the potential presence of confidential information on digital recordings. In several cases, the district courts have expressed concern with respect to both the potential disclosure of confidential discourse that was inadvertently captured on digital recordings and the poor quality of transcripts prepared from digital recordings by untrained transcriptionists.
 
 See Moorman v. Hatfield,
 
 958 So.2d 396, 397 (Fla. 2d DCA 2007) (noting serious errors in a written transcript prepared from an audio recording of a court proceeding);
 
 Holt v. Chief Judge of Thirteenth Judicial Circuit,
 
 920 So.2d 814, 818 (Fla. 2d DCA 2006) (noting concern with respect to the unintended recording of confidential conversations in a court proceeding);
 
 see also R.P. v. Dep’t of Children & Family Servs.,
 
 975 So.2d 435, 437 (Fla. 2d DCA 2007) (“[T]he trial proceedings were tape-recorded and transcribed by a court reporter with results that can only be described as dismal.”). The Commission proposed a number of rule amendments intended to address these concerns.
 

 After consideration of the Commission’s proposals, the Court referred them to the affected rules committees, the Rules of Judicial Administration Committee (RJA Committee) and the Appellate Court Rules Committee (Appellate Committee), for consideration. The Court asked the committees to file proper out-of-cycle reports and proposals, which they have done. The committees’ proposals are consistent with the Commission’s proposals. The proposals of the RJA Committee and Appellate Committee were published in the October 1, 2008, edition of
 
 The Florida Bar News,
 
 and several comments were filed concerning the proposed amendments to rules 2.420 and 2.535. The RJA Committee filed a response to two comments addressing technical matters. No comments were filed concerning the proposed amendments to the appellate rules.
 

 
 *1046
 
 AMENDMENTS
 

 Upon consideration of the reports of the Commission and the rules committees, the comments, and the presentations of the interested parties at 'oral argument, which was heard in this matter on April 6, 2009, we amend the Florida Rules of Judicial Administration and the Florida Rules of Appellate Procedure as explained below.
 

 First, Florida Rule of Judicial Administration 2.535(a) is amended to add definitions of several key terms. An “approved court reporter” is defined as “a court employee or contractor who performs court reporting services, including transcription, at public expense and who meets the court’s certification, training, and other qualifications for court reporting.” An “approved transcriptionist” is defined as “a court employee, contractor, or other individual who performs transcription services at public expense and who meets the court’s certification, training, and other qualifications for transcribing proceedings.” A “civil court reporter” is defined as a “court reporter who performs court reporting services in civil proceedings not required to be reported at public expense, and who meets the court’s certification, training, and other qualifications for court reporting.” The “electronic record” is defined as “the audio, analog, digital, or video record of a court proceeding,” and the “official record” is “the transcript, which is the written record of court proceedings and depositions prepared in accordance with the requirements of subdivision (f)” of this rule.
 
 [3]
 

 In conjunction with the amendments to rule 2.535(a), renumbered subdivisions (g) and (h) of rule 2.535, as well as appellate rules 9.140, 9.200, and 9.900(h)
 
 [4]
 
 are amended to incorporate the terms “approved transcriptionist,” “approved court reporter,” and “civil court reporter,” where appropriate, throughout. Additionally, renumbered subdivision 2.535(h)(1) is amended to provide that all proceedings required by law or administrative order to be reported shall be reported at public expense, and new subdivision 2.535(h)(2) is added providing that proceedings reported for the court’s own use may be reported at public expense. Renumbered subdivision 2.535(h)(3), Circuit Plan, requires each chief judge to enter an administrative order developing and implementing a circuit-wide plan for court reporting of proceedings required to be reported at public expense. This subdivision is amended to require that the circuit plan “ensure that all court reporting services are provided by ‘approved court reporters or approved transcriptionists.’”
 
 [5]
 
 Finally, a committee
 
 *1047
 
 note is added to rule 2.535 explaining that when a court proceeding or deposition is electronically recorded and is also recorded via a written transcript, the written transcript is the “official record” and that the definitions of “electronic record” and “official record” in the rule do not alter the definition of the term “record” for appellate purposes.
 

 The above discussed amendments to rules 2.535, 9.140, 9.200, and 9.900(h) are intended to address concerns about the integrity of transcripts prepared from digital recordings by authorizing preparation of the official record of proceedings by approved court reporters and approved transcriptionists who meet the circuit court’s training and certification standards. The amendments are also intended to distinguish “approved transcriptionists” and “approved court reporters” from “civil court reporters,” and clarify that the written transcript is the “official record” of a proceeding.
 

 Next, in order to address concerns relating to the potential disclosure of confidential discourse inadvertently captured on digital recordings of court proceedings, a new subdivision is added to rule 2.535, entitled “Safeguarding Confidential Communications When Electronic Recording Equipment Is Used in the Courtroom.” This subdivision requires court personnel to notify participants in a courtroom proceeding that electronic recording equipment is being used and warn participants that they should safeguard information they do not want recorded. It also states that participants have a duty to protect confidential information and specifically requires attorneys to take “all reasonable and available precautions” to protect disclosure of confidential communications, including muting microphones and moving to a location inaccessible to the recording equipment.
 

 Finally, we decline to adopt several amendments to Florida Rules of Judicial Administration 2.420 and 2.535 proposed by the Commission and concurred with by the RJA Committee that would delete “electronic records, videotapes, or stenographic tapes of court proceedings” from the definition of “court records” and would restrict disclosure of electronic records except as permitted under certain circumstances in the discretion of the court or the chief judge. Although there are strong policy and practical concerns on both sides of this issue, we conclude that the concerns supporting the restriction of access to digital recordings of judicial proceedings are better addressed through means less restrictive than the proposal here, which would essentially deny access to digital recordings of courtroom proceedings, that are otherwise open to the public, except as permitted in the discretion of the court or the chief judge. Such a provision is overly restrictive and is contrary to Florida’s well established public policy of government in the sunshine and this Court’s longstanding presumption in favor of openness for all court proceedings and allowing access to records of those proceedings.
 
 See In re Amend. to Fla. R. Jud. Admin. 2.120-Sealing of Court Records & Dockets,
 
 954 So.2d 16, 23 (Fla.2007). Additionally, according to the comments filed in this matter, digital recordings of court proceedings are now widely used throughout the state by those involved in the court system, as well as the media, and have proven useful, reliable, efficient, and cost effective. We agree that access to these recordings should not be denied or left to the unfettered discretion of the trial court or the chief judge.
 
 Contra Media Gen. Operations, Inc. v. State,
 
 12 So.3d 239 (Fla. 2d
 
 *1048
 
 DCA 2009) (concluding that an unedited audio recording created by digital electronic court reporting system is not an electronic record of court proceedings and thus is not a court record subject to disclosure under Rule of Judicial Administration 2.420).
 

 CONCLUSION
 

 Accordingly, the Florida Rules of Judicial Administration and the Florida Rules of Appellate Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 Amendments to Florida Rules of Judicial Administration
 

 RULE 2.535. COURT REPORTING
 

 (a)Definitions.
 

 (1) “Approved court reporter” means a court employee or contractor who performs court reporting services, including transcription, at public expense and who meets the court’s certification, training, and other qualifications for court reporting.
 

 (2) “Approved transcriptionist” means a court employee, contractor, or other individual who performs transcription services at public expense and who meets the court’s certification, training, and other qualifications for transcribing proceedings.
 

 (3) “Civil court reporter” means a court reporter who performs court reporting services in civil proceedings not required to be reported at public expense, and who meets the court’s certification, training, and other qualifications for court reporting.
 

 (4) Court reporting means the act of making a verbatim record of the spoken word, whether by the use of written symbols, stenomask equipment, stenographic equipment, or electronic devices, in any proceedings pending in any of the courts of this state, including all discovery proceedings conducted in connection therewith, any proceedings reported for the courts own use, and all proceedings required by statute to be reported by a eertified-o-r — official-an approved court reporter or civil court reporter. It does not mean either — the act of taking witness statements not intended for use in court as substantive evidence, or the act of electronic reeoa?ding-and-tr-angcr-iption of proceedings as provided — fog—in- subdivision W).
 

 (5) “Electronic record” means the audio, analog, digital, or video record of a court proceeding.
 

 (6) “Official record” means the transcript, which is the written record of court proceedings and depositions prepared in accordance with the requirements of subdivision (f),
 

 (b)-(c) [No change]
 

 (d) Ownership of Records. The chief judge of the circuit in which a proceeding is pending, in his or her official capacity, is the owner of all records and electronic records made by an official court reporter or quasi-judicial officer in proceedings required to be reported at public expense and proceedings reported for the court’s own use.
 

 
 *1049
 
 (d)(e) Fees. The chief judge shall have the discretion to adopt an administrative order establishing maximum fees for court reporting services not-covered in-the-plan adopted pursuant to-subdivision (g). Any such order must make a specific factual finding that the setting of such maximum fees is necessary to ensure access to the courts. Such finding shall include consideration of the number of court reporters in the county or circuit, any past history of fee schedules, and any other relevant factors.
 

 (e)(f) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state. The form, size, spacing, and method of printing transcripts are as follows:
 

 (1) — (10) [No change]
 

 (f)(g) Reporter — as—Officers of the Court. AApproved court reporters, civil court reporters, and approved transcrip-
 

 tionists are is an officers of the court for all purposes while acting as ar-court reporters in a-judicial proceedings or discovery proceedings or as transcriptionists. The-Approved court reporters, civil court reporters, and approved transcriptionists shall comply with all rules and statutes governing the proceeding that are applicable to court reporters and approved tran-scriptionists.
 

 (g)(h) Court Reporting Services Pre-vided in Mental Health Proceedings or at Public Expense.
 

 (1) When Reporting Is Required. All eriminal-and juvenile proceedings, and-a-ny other judicial proceedings required by law, er-court rule, or administrative order to be reported shall be reported at public expense, shall be reported.
 

 (2) When Reporting May Be Required. Proceedings reported for the court’s own use may be reported at public expense.
 

 (2)(3) Circuit Plan. The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified personsap-proved court reporters or approved tran-
 

 scriptionists. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services. Each circuits plan for court reporting services shall be developed after consideration of guidelines issued by the Office of the State Courts Administrator.
 

 (g)(4) Electronic Recording and Transcription of Proceedings Without Court Reporters. A chief judge may enter a circuit-wide administrative order, which shall be recorded, authorizing the electronic recording and subsequent transcription by persons-other thanapproved court reporters or approved transcription-ists, of any judicial proceedings, including depositions, that are otherwise required to be reported by a court reporter. Appropriate procedures shall be prescribed in the order which shall:
 

 (A)set forth responsibilities for the courts support personnel to ensure a reliable record of the proceedings;
 

 (B)provide a means to have the recording transcribed by approved court reporters or approved transcriptionists, either in whole or in part, when necessary for an appeal or for further use in the trial court; and
 

 
 *1050
 
 (C)provide for the safekeeping of such recordings.
 

 The presiding judge in a specific case, however, may require -a-court-reporter, if available-or-either-par-ty-may-provide and pay for the-eost-of-a-eourt-reporter. — Such court reporter — shall-be-subject'to the order-s-of-the-court and directions to transcribe the record from all parties.
 

 (5) Safeguarding Confidential Communications When Electronic Recording Equipment Is Used in the Courtroom.
 

 (A) Court personnel shall provide notice to participants in a courtroom proceeding that electronic recording equipment is in use and that they should safeguard information they do not want recorded.
 

 (B) Attorneys shall take all reasonable and available precautions to protect disclosure of confidential communications in the courtroom. Such precautions may include muting microphones or going to a designated location that is inaccessible to the recording equipment.
 

 (C)Participants have a duty to protect confidential information.
 

 (4)(6) Grand Jury Proceedings. Testimony in grand jury proceedings shall be reported by an approved court reporter, but shall not be transcribed unless required by order of court. Other parts of grand jury proceedings, including deliberations and voting, shall not be reported. The approved court reporters work product, including stenographic notes, electronic recordings, and transcripts, shall be filed with the clerk of the court under seal.
 

 (h)(i) Court Reporting Services in Capital Cases. Qn-or-before January 1, 2Q0-1 — the-The chief judge, after consultation with the circuit court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for court reporting in all trials in which the state seeks the death penalty and in capital postconviction proceedings. The plan shall require the use of all measures necessary to expedite the preparation of the transcript, including but not limited to:
 

 (1)where available, the use of an approved court reporter who has the capacity to provide real-time transcription of the proceedings;
 

 (2)if real-time transcription services are not available, the use of a computer-aided transcription qualified court reporter;
 

 (3)the use of scopists, text editors, alternating court reporters, or other means to expedite the finalization of the certified transcript; and
 

 (4)the imposition of reasonable restrictions on work assignments by employee or contract approved court reporters to ensure that transcript production in capital cases is given a priority.
 

 Committee Note
 

 The definitions of “electronic record” in n subdivision (a)(5) and of “official record” in subdivision (a)(6) are intended to clarify that when a court proceeding is electronically recorded by means of audio, analog, digital, or video equipment, and is also recorded via a written transcript prepared by a court reporter, the written transcript shall be the “official record” of the proceeding to the exclusion of all electronic records. While the term “record” is used within Rule 2.535 and within Fla. R.App. P. 9.200, it has a different meaning within the unique context of each rule. Accordingly, the meaning of the term “record” as defined for purposes of this rule does not in any way alter, amend, change, or conflict with the meaning of the term “record”
 
 *1051
 
 as defined for appellate purposes in Fla. R.App. P. 9.200(a).
 

 Amendments to the Florida Rules of Appellate Procedure
 

 RULE 9.140. Appeal Proceedings in Criminal Cases
 

 (a) [No change]
 

 (b) Appeals by Defendant.
 

 (1) [No change]
 

 (2) Guilty or Nolo Contendere Pleas.
 

 (A) [No change]
 

 (B) Record.
 

 (i) Except for appeals under subdivision (b)(2)(A)® of this rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:
 

 a.-e. [No change]
 

 f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk, and designation to the approved court reporter or approved transcriptionist.
 

 (ii) [No change]
 

 (3)-(4) [No change]
 

 (c) [No change]
 

 (d) Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.
 

 (1) The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:
 

 (A)-(C) [No change]
 

 (D) designations to the approved court reporter or approved transcriptionist have been filed for transcripts of those portions of the proceedings necessary to support the issues on appeal or, if transcripts will require the expenditure of public funds for the defendant, of those portions of the proceedings necessary to support the statement of judicial acts to be reviewed; and
 

 (E) [No change]
 

 (2) [No change]
 

 (e) [No change]
 

 (f) Record.
 

 (1) [No change]
 

 (2) Transcripts.
 

 (A) If a defendant’s designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) shall serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the approved court reporter or approved transcriptionist requiring preparation of only so much of the proceedings as fairly supports the issue raised.
 

 (B) Either party may file motions in the lower tribunal to reduce or expand the transcripts.
 

 (C) Except as permitted in subdivision (f)(2)(D) of this rule, the parties shall designate the approved court reporter or approved transcriptionist to file with the clerk of the lower tribunal the original transcripts for the court and sufficient copies for the state and all indigent defendants.
 

 (D) Non-indigent defendants represented by counsel may designate the approved court reporter or approved tran-scriptionist to prepare only original transcripts. Counsel adopting this procedure shall, within 5 days of receipt of
 
 *1052
 
 the original transcripts from the approved court reporter or approved tran-scriptionist, file the original transcripts along with securely bound copies for the state and all defendants. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each copy certifying that it is an accurate and complete copy of the original transcript. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the original transcript for use as needed by the state in any collateral proceedings and shall not destroy the transcripts without the consent of the Office of the Attorney General.
 

 (E) In state appeals, the state shall designate the approved court reporter or approved transcriptionist to prepare and file with the clerk of the lower tribunal the original transcripts and sufficient copies for all separately represented defendants. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.
 

 (F) The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the approved court reporter or approved transcriptionist to prepare the necessary copies of the original transcripts.
 

 (3) — (5) [No change]
 

 (6) Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
 

 (A) [No change]
 

 (B) If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the transmittal of the supplement described in subdivision (A), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. A copy of the designation shall be filed with the appellate court. The procedure for this supplementation shall be in accordance with this subdivision, except that counsel is not required to file a revised statement of judicial acts to be reviewed, the approved court reporter or approved transcriptionist shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.
 

 (g)-(i) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 9.200. The Record
 

 (a) [No change]
 

 (b) Transcript(s) of Proceedings.
 

 (1) Within 10 days of filing the notice, the appellant shall designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the approved court reporter, civil court reporter, or approved transcriptionist. Costs of the original and all copies of the transcript(s) so designated shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of 1/2 of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).
 

 
 *1053
 
 (2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the approved court reporter, civil court reporter, or approved transcriptionist shall transcribe and file with the clerk of the lower tribunal the designated proceedings and shall serve copies as requested in the designation. In addition to the paper copies, the approved court reporter, civil court reporter, or approved transcrip-tionist shall file with the clerk of the lower tribunal and serve on the designated parties an electronic copy of the designated proceedings in a format approved by the supreme court. If a designating party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s), in both electronic' and paper form, on the parties within 5 days of receipt from the approved court reporter, civil court reporter, or approved transcrip-tionist. The transcript of the trial shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
 

 (3) On service of a designation, the approved court reporter, civil court reporter, or approved transcriptionist shall acknowledge at the foot of the designation the fact that it has been received and the date on which the approved court reporter, civil court reporter, or approved transcriptionist expects to have the transcript(s) completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of
 

 service. If the transcript(s) cannot be completed within 30 days of service of the designation, the approved court reporter, civil court reporter, or approved transcrip-tionist shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).
 

 (4)[No change]
 

 (c)-(g) [No change]
 

 9.900(h). Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist.
 

 IN THE .(NAME OF LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).
 

 Case No_
 

 Plaintiff/Appellant, v. Defendant/Appellee.
 

 DESIGNATION TO APPROVED COURT REPORTER, CIVIL COURT REPORTER, OR APPROVED TRANSCRIPTIONIST, AND REPORTER’S OR APPROVED TRANSCRIPTIONIST’S ACKNOWLEDGEMENT
 

 I. DESIGNATION
 

 Plaintiff/Appellant, _, files this Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcrip-tionist and directs.(name of approved court reporter, civil court reporter, or ap
 
 *1054
 
 proved transcriptionist).to transcribe an original and_copies of the following portions of the trial proceedings to be used in this appeal:
 

 1. The entire trial proceedings recorded by the reporter on .(date)., before the Honorable .(judge)., except_
 

 2. [Indicate all other portions of reported proceedings.]
 

 3. The approved court reporter, civil court reporter, or approved transcriptionist is directed to file the original with the clerk of the lower tribunal and to serve one copy on each of the following:
 

 1.
 

 2.
 

 3.
 

 I,counsel for Appellant, certify that satisfactory financial arrangements have been made with the approved court reporter, civil court reporter, or approved transcrip-
 

 tionist for preparation of the transcript.
 

 Attorney for .(name of party) . .... (address and phone number) ....Florida Bar No.
 

 II. APPROVED COURT REPORTER’S, CIVIL COURT REPORTER’S, OR APPROVED TRANSCRIPTIONIST’S ACKNOWLEDGMENT
 

 1. The foregoing designation was served on.(date)., and received on.(date).
 

 2. Satisfactory arrangements have () have not () been made for payment of the transcript cost. These financial arrangements were completed on .(date).
 

 3.Number of trial or hearing days
 

 4.Estimated number of transcript pages_
 

 5a. The transcript will be available within 30 days of service of the foregoing designation and will be filed on or before .(date).
 

 OR
 

 5b. For the following reason(s) the approved court reporter, civil court reporter or approved transcriptionist requests an extension of time of__days for preparation of the transcript that will be filed on or before.(date).
 

 6. Completion and filing of this acknowledgment by the approved court reporter, civil court reporter or approved transcriptionist constitutes submission to the jurisdiction of the court for all purposes in connection with these appellate proceedings.
 

 7. The undersigned approved court reporter, civil court reporter or approved transcriptionist certifies that the foregoing is true and correct and that a copy has been furnished by mail () hand delivery () on.(date)., to each of the parties or their counsel.
 

 Approved Court Reporter, Civil Court Reporter or Approved Tran-scriptionist .(address).
 

 Note: The foregoing approved court reporter’s, civil court reporter’s, or approved transcriptionist’s acknowledgment to be placed “at the foot of’ or attached to a copy of the designation, shall be properly completed, signed by the court reporter, and filed with the clerk of the appellate
 
 *1055
 
 court within 5 days of service of the designation on the approved court reporter, civil court reporter, or approved transcriptionist. A copy shall be served on all parties or their counsel, who shall have 5 days to object to any requested extension of time. See Fla. R.App. P. 9.200(b)(1), (2), & (3).
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 [2]
 

 . In the report, the Commission also made a number of related administrative recommendations that are being considered separately from this rules case.
 

 [3]
 

 . The definition of "court reporting” is also amended to (1) add "any proceedings reported for the court's own use” to the description of the kinds of proceedings covered, (2) change the term "certified or official” court reporter to "an approved” court reporter and add "civil court reporter,” (3) delete language stating that court reporting does not mean "the act of electronic recording and transcription of proceedings as provided for in subdivision (g)(3)” and (4) add the term "stenographic equipment” to the list of ways the record may be made.
 

 [4]
 

 . Florida Rule of Appellate Procedure 9.900(h) is a form, “Designation to Reporter.” The title of the form is changed to "Designation to Approved Court Reporter, Civil Court Reporter, or Approved Transcriptionist.”
 

 [5]
 

 .New subdivision 2.535(d), Ownership of Record, is also added, providing that the chief judge of the circuit, in his or her official capacity, is the owner of all records and electronic records made by an approved court reporter or quasi-judicial officer in proceedings required to be reported at public expense and proceedings reported for the court's own use. Additionally, renumbered subdivision 2.535(e) provides that the chief judge has discretion to adopt an administrative order establishing maximum fees for court reporting services. This subdivision is amended to delete language referencing services "not cov
 
 *1047
 
 ered in the plan adopted pursuant to subdivision (g).”