IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEFFREY MORENCY,

      Appellant,

v.                                     Case No. 5D16-3280

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 14, 2017

Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Jeffrey Morency, Lake City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

Jeffrey Morency ("Defendant") appeals the denial of his motion for access to any

audio or videorecording of his trial. Defendant was convicted of robbery with a firearm

and sentenced to thirty years' incarceration. He subsequently filed the instant motion,

which was summarily denied by the trial court. In its order, the trial court held that any

audiorecording created by digital electronic court reporting systems would not be a court

record subject to public disclosure. For the following reasons, we reverse the order and remand the case to the trial court.

Public access to judicial records is governed by Florida Rule of Judicial Administration 2.420. This rule provides that "[t]he public shall have access to all records of the judicial branch of government" other than those covered by certain exceptions. Fla. R. Jud. Admin. 2.420(a). It defines "[r]ecords of the judicial branch" as, in pertinent part, all records, including court records, regardless of physical form, made in connection with the transaction of official business by any judicial branch entity. Fla. R. Jud. Admin. 2.420(b)(1). Court records include "electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes, or stenographic tapes of court proceedings." Fla. R. Jud. Admin. 2.420(b)(1)(A).

The trial court based its decision upon the holding in Media General Operations, Inc. v. State, wherein the Second District Court denied a petition for writ of mandamus directed to the Chief Judge of the Sixth Judicial Circuit to order him to release the audiorecording of a sentencing hearing. 12 So. 3d 239, 240 (Fla. 2d DCA 2009). The court concluded that "the audio recording created by digital electronic court reporting systems is not, in and of itself, an 'electronic record' of the proceedings" subject to public records disclosure. Id.

The State concedes that, in response to the Media General decision, the Florida Supreme Court amended Florida Rule of Judicial Administration 2.535 to clarify that an "'[e]lectronic record' means the audio, analog, digital, or video record of a court proceeding." Fla. R. Jud. Admin. 2.535(a)(5). It further noted that it declined to adopt

2

several proposed amendments to Florida Rules of Judicial Administration 2.420 and 2.535 "that would delete 'electronic records, videotapes, or stenographic tapes of court proceedings' from the definition of 'court records' and would restrict disclosure of electronic records except as permitted under certain circumstances in the discretion of the court or the chief judge." In re Amendments to the Fla. Rules of Jud. Admin. & the Fla. Rules of App. P.-Implementation of Comm'n on Trial Court Performance & Accountability Recommendations, 13 So. 3d 1044, 1047 (Fla. 2009). The trial court therefore erred in relying upon Media General in its conclusion that an audiorecording of Defendant's trial would not qualify as a court record subject to disclosure. The State also concedes that remand would be appropriate.

We note that the trial court suggested in its order that, because a court reporter was present during Defendant's trial, there may have been no audio or videorecording made. We therefore reverse the order under review and remand for the trial court to determine whether such a recording exists and for further proceedings consistent with this opinion.

REVERSED and REMANDED.

SAWAYA, PALMER, and BERGER, JJ., concur.