# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-491
Lower Tribunal No. 16-16680
_____

**Marcus Rivero,**
Petitioner,

vs.

**Oscar Farach, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Law Offices of George W. Wickhorst, P.A., and George W. Wickhorst, III, for petitioner.

Farrell Patel Jomarron & Lopez, and Jesmany Jomarron and Rachel A. Canfield, for respondents.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

PER CURIAM.

Marcus Rivero seeks a writ of certiorari quashing orders denying his motion to determine a court record as confidential and his motion for reconsideration. For the reasons which follow, we deny the petition.

I. Facts

This case originated with Rivero's claims for defamation and injunctive relief due to an anonymous online blog posting of a negative comment on a public website. The post contained Rivero's mugshot from a previously-sealed criminal proceeding. Rivero claims that Oscar Farach was the author of the comment, and that Farach's hired counsel improperly threatened to serve a litigation hold letter, attaching the anonymous comment, to more than one hundred potential witnesses. After one witness confirmed receipt of the letter, Rivero filed a second amended complaint naming Farach, as well as Farach's attorney and law firm, as defendants.

The defendants moved to dismiss the complaint for failure to state a cause of action, including Rivero's failure to attach a copy of the alleged defamatory statement to the complaint. The trial court granted the motion, but permitted Rivero to file a third amended complaint attaching the allegedly defamatory online blog post.

Complying with the trial court's order, Rivero attached, as an exhibit, a screenshot of the online blog post, while also filing a motion to determine the confidentiality of the attachment. The trial court denied the motion, concluding

2

that the attached exhibit was not a court record subject to Florida Rule of Judicial Administration 2.420. After the denial of a motion for reconsideration, Rivero sought certiorari here.

## II. Requirements for Certiorari Relief

To obtain certiorari relief, the petitioner must establish the following three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post judgment appeal." Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004). With respect to the first element, a trial court's ruling departs from the essential requirements of the law when it violates a "clearly established principle of law resulting in a miscarriage of justice." Williams v. Oken, 62 So. 3d 1129, 1133 (Fla. 2011).

## III. Analysis

In his petition, Rivero contends that the trial court erred when it denied his motion to determine the confidentiality of court records because the ruling improperly unsealed a previously-sealed criminal record. More specifically, Rivero claims that the mugshot attached to the online blog post was a sealed court document in his criminal proceeding, and thus, the trial court cannot unseal the document unless the defendants establish good cause.

Rivero's argument, however, fails for two reasons: (1) the online blog post

3

does not qualify as a judicial court record as defined by Rule 2.420(b); and (2) Rivero failed to meet his burden that the online blog post falls within the purview of the designated confidential court records in Rule 2.420(c).

First, Rivero seeks to seal a part of the online blog post at issue because it "contains information relating to Rivero that was previously sealed by order . . . pursuant to section 943.059, Florida Statutes." The trial court disagreed and denied Rivero's motions, relying on Rule 2.420. Rule 2.420(a) explicitly provides that the public shall have access to all "records of the judicial branch" except those otherwise exempt from disclosure. When applying this rule, the trial court correctly analyzed the fact that the online blog post—including the mugshot—was not a court record connected with the official business of a judicial branch entity. This was the correct analysis based on Rivero's conclusory allegation that the blog "contains information . . . previously sealed."

While the official mugshot was part of the previously-sealed record, nothing in Rule 2.420—including, the definitions of "records of the judicial branch" and "court records"—suggests that an attachment or exhibit that references or contains matters within the scope of a different court proceeding becomes part of a judicial record subject to confidentiality. See Media Gen. Operations, Inc. v. State, 12 So. 3d 239, 240 (Fla. 2d DCA 2009) ("By definition, the record of a court proceeding is comprised only of matters that are part of the proceedings, i.e., the official

4

business of the court.") (emphasis omitted). It seems counterintuitive, given the use of the introductory phrase "the public shall have access," that a record automatically becomes exempt from public disclosure simply because it "contains information" from a previously-sealed record in a different case and in a different division of the court. Moreover, Rivero did not allege the required standards for establishing the document as a "court record" or address the standards for sealing a document. See BDO Seidman, LLP v. Banco Espirito Santo Int'l, Ltd., 201 So. 3d 1 (Fla. 3d DCA 2009) (holding that the sealing of the appendix on appeal, which contained public items, was not warranted because the appellant failed to address the required standards for sealing documents).

Accordingly, the trial court correctly determined that the online blog post was not a judicial record subject to Rule 2.420.

Second, even if the online blog post, attached as an exhibit, was considered a "court record" under Rule 2.420(b), Rivero's argument fails to address the fact that the online blog post is not a category of confidential record designated in Rule 2.420(c). In his petition, Rivero relies on the fact that the mugshot was determined to be confidential under Florida law in a prior criminal proceeding, thereby triggering Rule 2.420(c)(7) and (8). Rivero, however, fails to consider the fact that the official mugshot was determined to be confidential, rather than an online blog post that merely contained a screenshot of the mugshot. Rivero provides no

5

authority that a previously-sealed, but subsequently publicized, court record renders confidential any reference or information related to the record in a new judicial proceeding.

Rivero's remedy was a motion to seal the online blog post pursuant to the test defined in Barron v. Florida Freedom Newspapers, Inc., 531 So. 2d 113 (Fla. 1988), and subsequently codified in Rule 2.420(c)(9). That rule authorizes a trial court to seal a court file if the court determines that confidentiality is required to protect certain designated interests. Rivero made no such motion, and did not establish an exception to the "strong presumption" of openness of court proceedings and records. See Barron, 531 So. 2d at 118 ("[A] strong presumption of openness exists for all court proceedings. A trial is a public event, and the filed records of court proceedings are public records available for public examination.").

Accordingly, Rivero's petition for writ of certiorari is denied.