IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

April 5, 2019

BRANDON TECKLENBURG, )
)
      Appellant, )
)
v. )      Case No. 2D18-332
)
ERIKA KOUREMETIS, )
)
      Appellee. )
_____ )

BY ORDER OF THE COURT:

The motion for rehearing en banc is denied. The motion for written opinion is granted. The opinion dated January 23, 2019, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BRANDON TECKLENBURG,                )
                                    )
          Appellant,                )
                                    )
v.                                  )      Case No. 2D18-332
                                    )
ERIKA KOUREMETIS,                   )
                                    )
          Appellee.                 )
_____ )

Opinion filed April 5, 2019.

Appeal from the Circuit Court for Pinellas
County; Thane B. Covert, Judge.

J. Andrew Crawford of J. Andrew Crawford,
P.A., St. Petersburg for Appellant.

No appearance for Appellee.


PER CURIAM.

        We affirm the order denying Brandon Tecklenburg's motion to determine

confidentiality of court records.  The trial court simply was not presented with evidence

sufficient to satisfy the burden placed on Mr. Tecklenburg by Florida Rule of Judicial

Administration 2.420.  However, our affirmance does not preclude Mr. Tecklenburg from

again seeking a determination of confidentiality provided that he sufficiently justifies the

need for closure of the records.  See Fla. R. Jud. Admin. 2.420(e)(1) (providing that a

petition to determine the confidentiality of records must (1) "identify the particular court

records or a portion of a record that the movant seeks to have determined as confidential with as much specificity as possible without revealing the information subject to the confidentiality determination"; (2) "specify the bases for determining that such court records are confidential without revealing confidential information"; and (3) "set forth the specific legal authority and any applicable legal standards for determining such court records to be confidential without revealing confidential information"); Barron v. Fla. Freedom Newspapers, Inc., 531 So. 2d 113, 118 (Fla. 1998) ("The burden of proof in [closure] proceedings shall always be on the party seeking closure."); BDO Seidman, LLP v. Banco Espirito Santo Int'l, Ltd., 201 So. 3d 1, 2 (Fla. 3d DCA 2009) ("This ruling is without prejudice to BDO Seidman to file a new motion to seal . . . if there is a good faith basis for asserting that any portion of the appendix qualifies for sealing . . . .").

Affirmed.

KHOUZAM, BLACK, and BADALAMENTI, JJ., Concur.